LIVINGSTON.
v.
POTTS.
                                         New trial granted.

———⊃※⊂———

LIVINGSTON *against* POTTS.

*Where a les-* THIS was an action of trespass, *quare clausum fregit,*
*see for years,*
*for life, or pur* which was tried at the *Columbia* circuit, in *September*, 1816.
*auter vie,* ac-
*cepts a new*      The plaintiff derived his title to the *locus in quo*, which
*lease, or a*
*grant in fee of* was a piece of uninclosed wood land, situate in the manor
*the same pre-*
*mises, this,* of *Livingston*, from his father *Robert Livingston*, who was
*without any* the proprietor of the whole manor; the defendant's tres-
*actual surren-*
*der of the old* pass consisted in cutting and carrying away several loads of
*lease, is a sur-*
*render in law,* fire wood.  The defendant, having pleaded the general
*or an implied*
*surrender of* issue, with notice of justification, produced a lease from
*it : and if the*
*former lease* *Robert Livingston* to *Jerry Stever*, executed the 10th of
*gave the lessee*
*a right of com-* *June*, 1788, for two lives, of a farm in the manor of *Living-*
*mon in the*
*other lands of* *ston*, " with estovers for fencing and buildings for the said
*the lessor, and*
*no such right* farm, and fuel for one family, from such parts of said manor
*is granted by* as are, or shall, from time to time, remain waste and unim-
*the second*
*lease, the* proved."  The lease came to the defendant by regular as-
*common is ex-*
*tinguished by* signment, and one of the lives was still *in esse*.  To repel
*the surrender.*
*See Living-* the defendant's justification, it was proved, on the part of
*ston v. Ten*
*Broeck,* ante, the plaintiff, that *Walter T. Livingston*, who had become
*p. 14.*
             entitled to the reversion of the farm leased to *Stever*, on
             the 1st of *May*, 1809, executed to the defendant a new
             lease of the farm for three lives, excepting ten acres, which
             were reserved to the lessor.  The new lease contained
             twelve acres of wood land, not included in the former lease ;
             and *W. T. Livingston* also conveyed to the defendant, in
             fee simple, twelve acres of the premises comprised in the
             lease of *Stever*.  On the twelve acres conveyed to the de-
             fendant in fee, his house stands ; and it was on that part of
             the farm that the house of *Stever* formerly stood.  The
             wood cut by the defendant was burned in his house on the
             land which had been conveyed to him in fee.

A verdict was found for the plaintiff, subject to the opinion of the Court.

*E. Williams*, for the plaintiff.

*Van Buren*, (Attorney General,) contra.

See the last case of *Livingston* v. *Ten Broeck.*

*Per Curiam.* The twelve acres of woodland included in the new lease to the defendant, are not stated to be waste and uninclosed ; therefore, they do not appear to be part of the commons out of which the estovers might originally have been taken, under the lease to *Stever :* so that the question which arose in the case of *Livingston* v. *Ten Broeck*, does not arise here. We are, however, clearly of opinion, that accepting a new lease, by deed, from the reversioner, for the same premises, operated as a surrender in law of the old lease. Besides, the defendant not only accepted a new lease, but took a conveyance, in fee simple, of twelve acres of the premises included in the old lease. Sir *Edward Coke, (Co. Litt.* 338. *a.*) says, that if the lessee for years take a new lease for years, &c., it is a surrender in law of the former lease : and in the note, (note 296.) on this text, the reason is given ; " for the first lease and the second lease cannot subsist together ; and the parties by making a contract of as high a nature, for the same thing, tacitly consented to dissolve the former ; for without the dissolution of that, the lessor could not grant to the lessee that interest which was already passed from the lessor to the lessee by the first lease." The plaintiff is, therefore, entitled to judgment.

Judgment for the plaintiff.