MARCUS NATHAN, Respondent, *against* ISIDOR STERN,
Appellant.

(Decided December 28th, 1885).

A tenant of certain premises in the City of New York, under a lease for
the term of one year, beginning in September, 1882, continued in posses-
sion after the expiration of the term, and, while so holding over, in
February, 1884, made an oral agreement with the landlord, hiring the
premises for the term of a year to begin on the first day of May following.
*Held*, that although the new agreement operated as a surrender or re-
lease, after the first of May, 1884, of a yearly tenancy, for a term
extending until September, 1884, during which the tenant was entitled
to occupy the premises by reason of holding over under the pre-existing
tenancy, such new agreement was not to be construed as a lease from
the time it was entered into, and therefore void, as a lease for a term
exceeding one year, because not in writing.

APPEAL from a judgment of the District Court in the
City of New York for the Seventh Judicial District.

The facts are stated in the opinion.

*A. L. Sanger*, for appellant.

*H. Steinert*, for respondent.

CHARLES P. DALY, Chief Justice.—The objection that
there was no evidence that the wife was authorized by the
defendant to make the contract, was not raised upon the
trial. If it had been, the evidence, for all that we know,
might have been supplied, and the objection cannot be
taken now for the first time upon appeal.

The contract which McLaughlin swore he made with
Mrs. Stern was not a lease for a term exceeding one year.
It was an oral agreement entered into, in the month of Feb-
ruary, 1884, leasing the premises for a year, which term was
to begin on the first day of May following, and a parol
lease for the term of one year, which year is to commence

on a future day, is valid (*Young* v. *Dake*, 5 N. Y. 463; 2 R. S. 135 § 8; *Becar* v. *Flues*, 64 N. Y. 518). When the agreement for this new lease was made, the defendant was holding over as a yearly tenant, for he had leased the premises in September, 1882, for the term of one year, and continued in the possession of them after the expiration of that year (*Smith* v. *Allt*, 7 Daly 492).

The new agreement, therefore, covered a period from the first of May to the first of September, 1884, during which the defendant was entitled to occupy the premises under the pre-existing tenancy, and the new agreement operated as a surrender or release of this yearly tenancy, after the first of May, 1884, when defendant's continuance in possession was necessarily under the new agreement (*Springstein* v. *Schemerhorn*, 12 Johns. 357; *Livingston* v. *Potts*, 16 Johns. 28).

The appellant seems to think that because this was the effect of the new agreement, this agreement must be construed to be a lease, from the time it was entered into, that is from February, 1884, until May, 1885, thus making it a lease for a term exceeding one year, which, not being in writing, would be void by statute. But there is no ground whatever for such a construction. The defendant continued to hold over as a yearly tenant until the first of May, 1884, when the new agreement took effect; for McLaughlin testified that the new lease was "for a year, beginning on the first of May, 1884"; and it was then, and not until then, that the new agreement operated as a release or surrender of what remained of the outstanding term under the pre-existing tenancy; because the two tenancies "could not subsist together, and the parties, by making a contract of as high a nature for the same thing, tacitly consented to dissolve the former" (*Hargrove* v. *Butlers*, Notes to Coke's Institutes, note 2, to § 636, 14th ed. p. 338).

The only question in this case was a question of fact whether the agreement to take the premises for a year from the first of May, 1884, was qualified by the understanding

with Mrs. Stern, that she might move out in the fall months if she saw fit.

Upon this question, the justice, upon conflicting evidence, has found in favor of the plaintiff, and his finding upon such a question is not reviewable upon appeal.

The judgment should be affirmed.

LARREMORE, J., concurred.

Judgment affirmed.