## Thomas C. Hoag

### v.

## Charles Carpenter.

1. Landlord and Tenant—Surrender.—The execution and acceptance by both parties, of a lease really intended by the parties as a substitute for a former lease which had been destroyed, must be held as amounting in law to a surrender of the former lease, and of all the rights to which the lessee was entitled thereunder.

2. Evidence—Parol, to Vary Written Agreement.—The admission of evidence tending to establish an oral agreement cotemporaneous with the execution of a lease, is a clear violation of the rule which prohibits the admission of parol evidence to add to or vary a written agreement.

Appeal from the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding. Opinion filed May 5, 1886.

Mr. Frank R. Grover, for appellant.

Mr. JOHN E. DALTON, for appellee.

BAILEY, P. J.   This was a suit brought by Thomas C. Hoag
against Charles Carpenter, before a justice of the peace, and
taken by appeal to the circuit court, where a trial was had
before the court and a jury, resulting in a judgment and ver-
dict for the defendant.   The suit was brought to recover the
taxes for the year 1882, on certain premises previously de-
mised by the plaintiff to the defendant, and which the defend-
ant in and by said lease had covenanted to pay.

At the trial the plaintiff, to maintain the issues on his part,
gave in evidence a lease, which appears to have been executed
by the parties under their respective hands and seals in dupli-
cate, by which the plaintiff demised to the defendant certain
premises, for a term beginning February 1, 1872, and ending
May 1, 1878, reserving certain rent, and in which the defend-
ant covenanted, among other things, to pay all ordinary taxes
upon the demised premises, for city, county and State pur-
poses, during the term.   By an indorsement on the lease exe-
cuted by the parties under their respective hands and seals,
said lease was extended for five years from May 1, 1878, at a
certain stipulated rent, subject to all the conditions mentioned
in said lease.   The plaintiff also proved that the taxes on the
demised premises for the year 1882 amounted to $56.42, and
that he had paid said taxes, and it was admitted by the de-
fendant that he had not paid any portion of the taxes for that
year.

The defendant thereupon read in evidence a lease of the
same premises, executed by the plaintiff and defendant, under
their respective hands and seals, bearing date April 1, 1868,
by which the plaintiff demised to the defendant said premises
for a term commencing April 1, 1868, and ending April 30,
1878, said lease containing a like covenant on the part of the
defendant in relation to the payment of taxes.   The defendant
also gave evidence tending to show that the last mentioned
lease having been executed in duplicate, and the copy held by
the plaintiff having been destroyed by the great fire of October
9, 1871, the plaintiff applied to the defendant for a loan of his

copy, for the purpose of enabling him to draw up and have executed a duplicate in place of the one destroyed, and that the plaintiff, in place of drawing up such duplicate, drew up a new lease and brought it to the defendant to be executed, and retained the old lease in his possession. It is not disputed that the new lease was executed by both parties, nor is it suggested that any fraud was practiced on the defendant in procuring its execution.

The defendant also gave evidence tending to show that cotemporaneously with the execution of the lease of 1868 there was an oral agreement between the plaintiff and defendant, not embodied in the lease, that the defendant should pay the taxes on the demised premises for the year preceding the beginning of the original term, and that, in consideration of such payment, the defendant should be released from the payment of the taxes for the last year of the term, and that in pursuance of that agreement the defendant paid the taxes on said premises for the year 1867. It was admitted that the defendant had paid the taxes for each succeeding year up to but not including the year 1882. It is claimed that by reason of the facts above stated the defendant was discharged from the payment of the taxes for the year last named, and it seems that the court and jury so held.

It can scarcely be doubted that the rights of the parties are to be determined by the lease of February 1, 1872. Although that lease may have been really intended by the parties as a substitute for the former lease which had been destroyed, yet we think that its execution and acceptance by the defendant must be held as amounting in law to a surrender of the former lease, and of all the rights to which the defendant was entitled thereunder. Jungerman v. Bovee, 19 Cal. 355 ; Livingston v. Potts, 16 John. 28 ; Van Rensselaer v. Penniman, 6 Wend. 569 ; Ryan v. Kirchberg, 17 Bradwell, 132 ; Wood on Landlord and Tenant, § 492; Taylor on Landlord and Tenant, § 507. If then, the plaintiff had, in respect to the former lease, a right to be exempted from the payment of the taxes levied during the last year of the term, that right was surrendered on accepting the new lease, and by that lease the defendant expressly covenanted to pay the taxes for that year.

Even if the defendant retained any right growing out of his payment of the taxes of 1867 after his acceptance of the new lease, it was a right of action only. The oral agreement applied only to the lease of 1868, which was surrendered, and had no application to the new lease. In that lease the defendant entered into a new covenant to pay the very taxes which he now claims to have been already discharged from paying. If it were necessary to show a consideration for this new covenant, it is to be found in the fact that the new lease contains various terms and conditions not contained in the former lease, some of them more advantageous to the defendant. If the defendant did not intend to abandon his claim for having paid the taxes of 1867, all that remained to him was the right to recover the money back. That was a mere chose in action to which the Statute of Limitations applied, and which was clearly barred long before the plaintiff's present action or right of action arose.

But we think that the evidence tending to establish an oral agreement cotemporaneous with the execution of the first lease, was a clear violation of the rule which prohibits the admission of parol evidence to add to or vary a written agreement. Such evidence, so far as it had any effect at all, tended to vary the terms of the lease so far as they related to the payment of ! taxes. If the defendant paid out any money under such oral agreement, he was in no position to take advantage of the agreement, but stood in the attitude of having paid, laid out and expended money at the request and for the benefit of the plaintiff, and an action immediately accrued to him to recover it back, an action which manifestly has long since been barred by the Statute of Limitations.

The plaintiff's evidence established a clear right of action, and that introduced by the defendant showed no defense. It follows then the verdict was contrary to the evidence, and the judgment for that reason must be reversed and the cause remanded.

Judgment reversed.