Elsie F. Wistain and L. O. Wistain, Plaintiffs-Appellants, v. Phillips Petroleum Company, and Otto Schultz, Defendants-Appellees.

Gen. No. 45,860.

Opinion filed February 4, 1953. Released for publication February 26, 1953.

OPLATKA, PAVEK & OPLATKA, of Berwyn for appellants.

SIDLEY, AUSTIN, BURGESS & SMITH, of Chicago, for appellees; HOWARD P. ROBINSON, and JAMES W. KISSEL, both of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a forcible detainer action to gain possession of the premises located at the southeast corner of 34th Street and South Harlem Avenue, Berwyn, Illinois. The court denied motion of plaintiffs for summary judgment, and upon the pleadings found for the defendants, and dismissed the suit. Plaintiffs have appealed.

Plaintiffs and the Phillips Company made a 5-year written lease in August 1942. The lease provided for a base rental of $25 per month. In August 1947 the Company exercised an option given it in the lease and the tenancy was extended for an additional 5-year term with a base rental of $125 per month. In September 1949 plaintiffs gave the Company notice of cancellation of the lease. The Company refused to turn over possession and plaintiffs sued the Company and Schultz who operated the gasoline service station for the Company.

The pertinent issue made by the Company in its answer was that plaintiffs' right of cancellation of the lease was extinguished by the Company's exercise of the renewal option. Plaintiffs moved for summary judgment on the basis of a letter from the Company, and on affidavits. The ground on which the summary

366

judgment motion was denied was that plaintiffs' right to cancel, under paragraph 16 of the lease, was nullified by the exercise of the Company's option under paragraph 12 of the lease.

The question is whether the trial court in denying the motion, correctly construed paragraph 16 of the lease.

■■ The parties do not dispute the rules of construction which are applicable. The intention of the parties controls the construction, and must be determined from the language employed in the light of the complete lease, the positions of the parties, and the surrounding circumstances. *Knowles Foundry Co. v. National Plate Glass Co.,* 274 Ill. App. 570, 577. The construction should be reasonable, the most equitable to the parties, and should give neither an unfair advantage. *Llewellyn v. Board of Education,* 324 Ill. 254, 259.

Paragraph 12 gives the option to the Company to renew upon ''the same terms and conditions'' except that the base rent would be $125 per month. Paragraph 16 which is typewritten on a printed form provides:

''16. Lessor shall have the privilege of cancelling . . . at the end of the sixth month following the cessation of . . . present war . . . , and on the first day of any month thereafter; provided, however, that before such cancellation shall become effective, Lessee shall have 30 days' notice in writing and shall be privileged, . . . to exercise the option . . . provided in Paragraph 12 hereof.''

■ We think the trial court construed paragraph 16 correctly. The court had before it the letter written to plaintiffs at the time the lease was made in 1942. This country had then been at war for several months and restrictions had been applied upon the civilian use of gasoline. The company's letter in part stated:

"You will note also that you have the privilege of cancelling . . . as soon as the War is over and things return to a normal condition. You could then institute a rental that is then warranted by conditions as we find them at that time."

That part of the letter seems to us to give meaning to paragraph 16.

We think that the low base rental of $25 is explained by the war-time restriction on the sale of gasoline and was a device employed by the parties to provide some income for plaintiffs while preserving the Company's interest for the future. Paragraph 16 is not repugnant to the option provision of paragraph 12. The purpose of the cancellation privilege in paragraph 16 was to enable the plaintiffs to increase the base rental after the war restrictions were removed. They had the right to cancel at the end of the sixth month and on the first day of any month thereafter. Should they decide to exercise this right, they were to give the Company 30 days notice in writing. If the notice was given the Company could either acquiesce in the cancellation, or forestall the cancellation by exercising its option to renew, and thereby give plaintiffs $125 per month base rent instead of $25 per month.

The war ended August 14, 1945. Plaintiffs did not exercise their right to cancel at the end of the sixth month thereafter. They had not exercised their right on the first day of any month thereafter when the Company in August 1947 exercised its option of renewal.

We are of the opinion that the Company's renewal on the "same terms" did not carry with it paragraph 16. The central idea in that paragraph is the end of the war and the off-setting privileges of cancellation and renewal. Since the war had ended when the renewal was affected, paragraph 16 was no longer useful, and had lost its effect on the relationship of the parties.

We think any other construction would be unreasonable.

For the reasons given the judgment is affirmed.

*Affirmed.*

Lewe, P. J. and Feinberg, J., concur.