Charles T. McNeil, Plaintiff-Appellant, v. Allstate Insurance Company, a Corporation, Defendant-Appellee.

Gen. No. 65–46.

Fifth District.

April 14, 1966.

270

C. Robert Hall, of Carbondale, for appellant.

Franklin, Garrison & Bleyer, of Marion (James B. Bleyer, of counsel), for appellee.

EBERSPACHER, J.

Plaintiff seeks to recover for loss of his automobile and medical expenses incurred as a result of an accident occurring on July 11, 1964, from defendant, his insurer, under the provisions of a policy which insurer had issued on March 27, 1964. The policy showed the policy period to be from March 27, 1964, to March 27, 1965, and contained a provision for cancellation, the pertinent part of which is as follows:

> "Allstate may cancel this policy by mailing, to the insured name on the Supplement Page at his address shown in this policy, written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice shall be sufficient proof of notice and the effective date and hour of cancellation stated in the notice shall become the end of the policy period."

The original complaint set forth that plaintiff was the owner of the automobile in question, for which defendant had issued its policy insuring against, among other things, loss of the automobile as a result of collision, and a limited reimbursement for medical expenses. A copy of the policy was attached, and the complaint further alleged that while the policy was in full force and effect, plaintiff

had an accident, and it also alleged compliance with all conditions of the policy, except such terms as were waived by defendant's denial of liability. Plaintiff prayed judgment for $6,200 and demanded trial by jury.

To this complaint defendant filed a motion praying dismissal of the action pursuant to paragraph 1 of section 48, and other applicable provisions of the Practice Act. One of the grounds set forth in defendant's motion was that the claim asserted in the complaint was barred due to an alleged cancellation of the policy, effective June 24, 1964, due to nonpayment of premiums. The motion was supported by the affidavit of an employee to the effect that he was in charge of preparing and mailing notices of cancellation for defendant company and that a notice of cancellation had been mailed to plaintiff at his address shown on the policy on June 12, 1964. Attached to defendant's motion was a copy of a statement taken from plaintiff on July 24, 1964, in which plaintiff had stated, among other things, that he had his insurance transferred from another car in March 1964, that he had made no premium payments since June 24, 1964, and that the last payment he could recall having made was in August 1963. In its motion defendant demanded trial by jury.

Defendant's motion to dismiss was denied with leave to amend the motion by attaching exhibits, including, but not limited to, a copy of the notice of cancellation. Defendant filed its amended motion to dismiss attaching thereto an affidavit of the supervisor of the accounting division of defendant company, with copies of the alleged cancellation notice and copies of premium notices, alleged to have been mailed to plaintiff, and incorporated the same grounds as were urged in defendant's prior motion to dismiss.

Thereupon, plaintiff filed a motion to deny and strike defendant's amended motion to dismiss, which motion was predicated upon the grounds that, (1) subsection (3)

of section 48, of the Civil Practice Act, required defendant's motion to be denied, the motion raising a question of fact, for the trial of which a jury had been demanded by both parties, (2) that the amended motion and affidavits were insufficient, as a matter of law, to show the alleged cancellation, and (3) that defendant had admitted coverage under the policy in question.

This motion of plaintiff was supported by his affidavit, to the effect that his mother had taken out and paid for a policy of insurance on a 1963 Buick automobile, for the period from August, 1963, to August, 1964; that his mother died in November, 1963; that, in March, 1964, plaintiff surrendered this policy to defendant for cancellation and took out a policy on the 1964 Buick automobile, for which he had traded in the 1963 automobile; and that the prior policy was almost identical in terms to the policy in question and when plaintiff made application for the policy in question he surrendered the prior policy for cancellation and requested application of the unearned premium thereon toward payment of the premium on the policy in question, there being unearned premium on the prior policy from March 1964 to August 16, 1964. His affidavit further alleged that he never received any notice of premiums being due or of the alleged cancellation; that he gave immediate notice of the loss of July 11, 1964, and received, in response thereto, a letter from defendant, dated July 15, 1964, acknowledging coverage of the loss, requesting plaintiff's cooperation in the matter of the loss, including his execution of certain report of accident forms; that, in reliance upon the letter, he incurred hospital and medical expenses, left the matter of the salvage of his automobile up to defendant, and cooperated with defendant in every way, including, but not limited to, the furnishing of the statement, of which defendant had attached a copy to its original motion to dismiss; that defendant had retained his report of acci-

dent form; and that defendant did not unequivocally deny coverage of the loss until August 19, 1964.

Defendant thereupon moved to strike plaintiff's motion to deny and strike, on the grounds that, (1) the matters put forth in plaintiff's motion were not germane to the alleged cancellation, (2) defendant's conduct subsequent to the alleged cancellation was not in issue, and (3) the matters relating to issuance of the policy were not at issue.

The trial court consolidated all of the motions, sustaining defendant's motions and denying plaintiff's motion, and granted leave to plaintiff to file an amended complaint.

Plaintiff filed an amended complaint, setting forth therein substantially the same matters alleged in the original complaint; and, in addition, setting forth the alleged cancellation, but alleging waiver of any purported or alleged cancellation.

Defendant moved to dismiss plaintiff's amended complaint on the grounds that, (1) the court's previous ruling, that the policy had been effectively cancelled, precluded any further litigation of that matter, and (2) by reason of such ruling, the amended complaint does not state a cause of action as a matter of law. Defendant further urges that, the theory of waiver or estoppel is not available to create a contract of insurance which has been theretofore cancelled, that plaintiff was not prejudiced and defendant not unjustly enriched by any action of defendant subsequent to the alleged cancellation, that defendant's actions were reasonable in view of its business practices, and that defendant promptly advised plaintiff of a coverage question after the accident, and did, on August 19, 1964, notify plaintiff's attorney that defendant's records showed a cancellation of the policy.

Upon the hearing on defendant's motion, the court sustained the motion and dismissed the amended complaint,

and entered final judgment for defendant and against plaintiff.

The question raised is as to the propriety of the court's action (rendering final judgment) under section 48(1)(i), which provides:

> "(1) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit:

> "(i) That the claim or demand asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim or demand."

A defendant who pleads the cancellation of a policy of insurance has the burden of proving it. Cancellation is an affirmative defense, and whether the insurer gave the notice of cancellation required is a question of fact. Great Northern Life Ins. Co. v. Federal Life Ins. Co., 260 Ill App 369; National Fire Ins. Co. v. Three States Lumber Co., 119 Ill App 67, affirmed 217 Ill 115, 75 NE 450, where in affirming our Supreme Court said, "Whether the company gave such notice . . . were questions of fact". (See also 29A Am Jur, Insurance, § 1841; and ILP, Insurance, § 249.)

The defendant contends that when the facts submitted show a mailing of notice of cancellation, there is no factual question for a jury to consider, and the matter then becomes a question of law for the court, and cites County of Williamson v. Standard Acc. Ins. Co., et al., 32 Ill App 2d 363, 178 NE2d 149. In that case plaintiff brought suit for a declaratory judgment, on a policy containing a similar cancellation provision. Employees of the company testified as to preparing and mailing of the cancellation

notice. A receipt from the postal authorities was produced and admitted into evidence. That testimony was not contradicted by the defendant county whose only testimony was to the effect that the address stated in the policy was not the correct one, and the highway commissioner testified he did not receive the notice. The jury gave a verdict for plaintiff, declaring the policy was in effect at the time of the loss. In reversing the judgment, the Appellate Court said:

> "The undisputed evidence was that the company had complied with the terms of the policy as written, which is the requirement of the law. There was no evidence that it was requested or notified to address the mail elsewhere, so there was no question of fact to submit to the jury."

In the present case we can hardly say the evidence is undisputed. It is disputed by the allegation of the complaint to the effect that the policy was in full force and effect; it was disputed by the policy itself which on its face stated that the policy period was from March 27, 1964, to March 27, 1965; it was disputed by defendant's letter of July 15, 1964, acknowledging coverage of the loss; and whether or not there was or should have been a cancellation of the policy for nonpayment of premiums is disputed by plaintiff's allegation that in March 1964, he requested a credit on this policy premium for the premium payment from the prior policy; this record does not show that such credit was not due him or was refused to him.

 Furthermore, here the affidavit of the defendant's mailing supervisor disputes the date of mailing shown by the defendant's record of mailing, both of which are a part of the same defendant's exhibit A. The affidavit states that the cancellation notices included in the "Record of Mailing" were mailed on 06–12–64,

276

 

while the "Record of Mailing" includes the following, "Date—06-10-64, List of cancellation notices mailed to the following persons at the addresses indicated." The affidavit of mailing is dated June 15; it simply states that the notice was mailed on 06-12-64, not that affiant mailed it or that it was mailed under his direction, and unlike the Williamson County case no postal receipt was presented. There is no explanation as to how a record of mailing showing mailing on the 10th of the month could be properly made when the notice was mailed on the 12th of the same month. To deny the right of cross-examination, and the right of a jury to determine the credibility of such confused evidence, on a material issue, would amount to deprivation of a fundamental right. It would appear that reasonable men might reach the conclusion that the affiant simply did not know, but was supposed to know, whether it was mailed or not, or whether the customary business practice with reference to mailing was followed on the date in question. Exhibit A, being the only proof of compliance with the cancellation clause, and the only proof disputing plaintiff's allegations of coverage, we cannot say that it is the clear, convincing and undisputed evidence on which any summary action should be based.

██ ██ Defendant urges that the purpose of the section 48 of the Practice Act is to dispose of the issues easily determined without trial by jury, and has the effect of Summary Judgment proceeding, which is a favorite of the law. To support this contention, defendant cites John v. Tribune Co., 19 Ill App2d 547, 154 NE2d 862; Tidwell v. Smith, 27 Ill App2d 63, 169 NE2d 157; and Murphy v. Cory Pump & Supply Co., 47 Ill App2d 382, 197 NE2d 849. Upon reading those cases we do not reach the conclusion that a motion under section 48(1) (i) should be the basis of summary action. In the Tribune Co. case the court, in discussing the purpose of sec-

tion 48, points out that section 48(1)(i) is excepted from their general language, saying at page 553 of 19 Ill App 2d, page 865 of 154 NE2d,

> "Having concluded that what was presented to the court involved an issue of fact, could such an issue be disposed of by motion to dismiss under Section 48? The main purpose of that section (aside from (1)(i)) is to provide for a disposition of a case upon such defenses as jurisdiction of the court, legal capacity to sue and be sued, prior judgment, and other defenses which may be decided by resort to a record or matter so conclusive that a plaintiff could not deny it. However, Section 48(1)(i) which has been added seems to have embarked on a field the limits of which are not as yet defined. It provides for the use of the motion when 'the claim or demand asserted against defendant is barred by other affirmative matter voiding the legal effect of or defeating a claim or demand.' This might be taken to mean any plea of a new matter, factual or otherwise. Obviously, it cannot have such a broad interpretation, for so applied it could result in a trial without a jury (although one may have been demanded), without oral evidence and without cross-examination. We will not undertake to define the limits of Section 48(1)(i) at this time, but it is clear that where the affirmative matter, so-called, is nothing more than evidence upon which a defendant expects to contest a vital fact stated in a complaint, such as the averment in the instant case that the libelous language was said of and concerning plaintiff, the motion to dismiss under Section 48(1)(i) is not proper. An issue is presented, to be tried in ordinary course,"

and reversed the order and remanded with directions to deny the motion, and direct defendant to answer. The

Tidwell case pointed out that section 43 of the Practice Act points out that the facts concerning an affirmative defense must be plainly set forth in the answer, quoted with approval a part of the above quoted language from the Tribune Co. case and held that the trial court erred in allowing the motion to dismiss and entered judgment for a defendant, who in the motion under section 48(1)(f) pleaded a release of a joint tort feasor. In the Cory case defendant had answered the complaint; then filed its motion for a summary judgment, supporting its motion by a portion of the discovery proceedings. The trial court granted summary judgment and was affirmed, but the case is not authority that such a result can be reached under section 48, nor is it authority that summary judgment is "a favorite of the law." In commenting on section 57 of the Practice Act, Judge Dove, in that opinion said:

> "Summary judgment procedure is an important tool in the administration of justice, and its use is to be encouraged in a proper case wherein is presented no genuine issue as to any material fact,"

and cites Allen v. Meyer, 14 Ill2d 284, 152 NE2d 576, which likewise was a case in which the motion for summary judgment was made after an answer and reply were filed, and depositions taken.

We believe this case comes squarely within the purview of section 48(3) of the Practice Act, chapter 110, § 48(3), Ill Rev Stats 1963, which requires defendant's motion to be denied. Here, not only has plaintiff filed a jury demand in apt time, but defendant likewise demanded a jury trial at the earliest opportunity, neither of which were withdrawn at the time judgment was entered. Section 48(3) provides:

> "If, upon the hearing of the motion, the opposite party presents affidavits or other proof denying the

facts alleged or establishing facts obviating the grounds of defect, the court may hear and determine the same and may grant or deny the motion. If a material and genuine disputed question of fact is raised the court may decide the motion upon the affidavits and evidence offered by the parties, or may deny the motion without prejudice to the right to raise the matter of the motion by answer and shall so deny it if the action is one at law and a jury demand has been filed by the opposite party in apt time."

The court erred in allowing defendant's motion to dismiss and entering judgment for the defendant, and, accordingly, the judgment is reversed and the cause remanded for further proceedings not inconsistent herewith.

Reversed and remanded.

GOLDENHERSH and MORAN, JJ., concur.