Edwin W. La Sanska, Plaintiff, v. The University of Chicago, a Not-For-Profit Corporation, Joseph J. Duffy Co., an Illinois Corporation, McDoniel Iron Works, Inc., an Illinois Corporation, Roeth & Cutler, Inc., an Illinois Corporation, and Abell-Howe Company, an Illinois Corporation, Defendants.
Joseph J. Duffy Co., an Illinois Corporation, Third-Party Plaintiff-Appellant, v. Gerson Electric Construction Company, Third-Party Defendant-Appellee.

Gen. No. 54,049.

First District, First Division.

September 18, 1970.

Peterson, Lowry, Rall, Barber & Ross, of Chicago (Irving G. Swenson, Thomas K. Peterson, and Charles W. Herf, of counsel), for appellant.

Tom L. Yates, of Chicago (Carl Abrahamson and Frederic L. Goff, of counsel), for appellee.

TRAPP, J.

The trial court entered summary judgment for defendant on two counts of a complaint seeking recovery of indemnity by reason of a contract. Plaintiff appeals.

Duffy Construction Co., third-party plaintiff, herein called Duffy, was the general contractor for construction work at the Argonne National Laboratory. Essentially, the United States was the builder. Duffy's contractual obligations included indemnification of the United States for all injuries and demands arising out of the performance of such contract, including performance by Duffy's subcontractors.

The third-party defendant, Gerson Electric Construction Company, herein called Gerson, was the electrical subcontractor. Article II of the subcontract stated that Gerson certified that he examined all plans and specifications of the entire contract and, amongst other things agreed that as to any federal project, Gerson bound himself to Duffy and to such government agency to fully comply with:

> ". . . all the undertakings and obligations of the Contractor, insofar as they shall apply to the Subcontractor's work, as set forth in the principal contract between the Contractor and such government or agency. . . ."

The subcontract also provided that Gerson indemnify Duffy in the following language:

> "Art. VIII. The Subcontractor hereby agrees to indemnify and keep harmless the Contractor against all liability, claims, judgments or demands for damages arising from accidents to persons or property

159

occasioned by the Subcontractor, his agents or employes, and against all claims or demands for damages arising from accidents to the Subcontractor, his agents or employes, whether occasioned by said Subcontractor or his employes or by the Contractor or his employes, or any other person or persons; and the said Subcontractor will defend any and all suits that may be brought against the Contractor on account of any such accidents and *will reimburse the Contractor for any expenditures that said Contractor may make by reason of such accidents."* (Emphasis supplied.)

One La Sanska, an employe of defendant, Gerson, was injured on the construction job and brought this action against Duffy and others alleging a cause of action under the provisions of the Structural Work Act, chapter 48, § 60 et seq., Ill Rev Stats 1959. Duffy thereupon brought a third-party action against Gerson seeking indemnification by reasons of the indemnity provisions of the subcontract just noted. At this point such La Sanska complaint and Counts I and II of the third-party complaint depart our ken and are not of concern.

Count III of Duffy's complaint alleged that La Sanska had commenced an action for the injuries against the United States, No. 62 C 1094, in the United States District Court, and that Gerson refused to honor demands to defend such action against the United States. It further appears that the United States made demand upon Duffy to defend the La Sanska action and brought a third-party action against Duffy for the contractual indemnity. La Sanska's action was dismissed without prejudice on his own motion. Count III prayed damages for attorney's fees, costs, and expenses necessarily incurred expended in the defense of such action against the United States.

160

Count IV alleges that La Sanska thereafter brought an action for such injuries against the United States, No. 63 C 1456, in the Federal District Court. It appears that the United States thereupon filed a third-party action against the defendant, Gerson, by reason of his indemnity contract. It was held that such complaint stated a cause of action for indemnity. La Sanska v. United States v. Gerson Elec. Const. Co., 346 F2d 333 (1965). It appears that this cause of action was dismissed with prejudice by agreement of the parties. Count IV alleges that Gerson refused to meet its contractual obligations to defend such action and that Duffy was obligated and did incur attorney's fees, costs and other expenses. The count prays judgment for such of the expenses as were reasonably necessary in such behalf.

Gerson's answer asserted as an affirmative defense that the judgment of dismissal with prejudice entered in Federal District Court, cause No. 63 C 1456, here barred Duffy's action on both counts under the doctrine of res judicata. The motion for summary judgment asserts that there is no genuine issue of fact to be determined for the reason that the judgment of the Federal District Court in cause No. 63 C 1456 is res judicata of all claims by Duffy. In support of such motion there is an affidavit by an attorney associated in Gerson's defense which refers to the indemnity action of the United States against defendant, Gerson, upon his contractual liability to indemnify, which among other things states:

> ". . . that he is informed and believes and, therefore, charges the fact to be that the Third Party Plaintiff herein, Duffy Construction Company, was the real party in interest as Third Party Plaintiff in the Third-Party Complaint filed by the United States against Gerson in Case No. 63 C 1456 in the United States District Court."

161

■ Such affidavit features utter failure to comply with the contents of an affidavit in support of summary judgment. Chapter 110, § 57(4), Ill Rev Stats 1967, provides that the content of such affidavit shall be according to rule. Supreme Court Rule 191(a), Ill Rev Stats 1967, provides that an affidavit in support of summary judgment shall be upon personal knowledge of the affiant, shall state facts admissible in evidence which are relevant to the issue and without conclusions of the affiant. Moreover, such affiant must set out affirmatively that if affiant be sworn as a witness, he is competent to testify as a witness to such facts. An affidavit stating conclusions reached from asserted information and belief is both valueless and meaningless in support of a motion for summary judgment.

Upon the motion for summary judgment there was certain testimony by a former member of the law firm representing the plaintiff, Duffy, as a third-party defendant in the first case No. 62 C 1094, in the Federal District Court. He testified that in the subsequent case, No. 63 C 1456 in the Federal District Court, by La Sanska against the United States, he expressed a requested opinion that on such action the plaintiff, Duffy, would be liable to the United States under the indemnity provisions of its contract. He was, thereafter, designated a cocounsel by the United States Attorney and was instructed in behalf of Duffy and its insurance company to participate as cocounsel, and that he did join actively in the proceedings including the trial of the La Sanska case. He stated that he was present when the case was dismissed with prejudice. He further testified that in such proceedings the United States had a claim adverse to that of the plaintiff, Duffy; that he was in no sense representing the latter in the proceedings but only the United States, but that he did not participate in the negotiations which led to the settlement between La

 

Sanska and the United States and the resulting dismissal with prejudice.

The fact that the United States' Attorney employed the services as cocounsel of an attorney who had represented Duffy as a third party defendant in the Federal District Court, cause No. 62 C 1094, does not establish that Duffy controlled or directed the defense of the United States in Federal District Court, cause No. 63 C 1456. This is particularly true in the light of such attorney's testimony that he represented the United States at that time, and did not participate in any settlement negotiations, and that by virtue of his then representation could not object to the order of dismissal.

██ Upon this state of facts, the argument here essentially is whether Duffy's action for indemnity is barred by some form of the doctrine of res judicata. Such principle has been frequently discussed. As stated in Chas. Ind Co. v. Cecil B. Wood, Inc., 56 Ill App2d 30, 205 NE2d 786:

> "If a former judgment is raised as a complete bar against a second action, both as to those matters actually adjudicated in the first action and as to those matters which could have been raised therein, there must be, as between the actions, identity of parties, of subject matter and of cause of action."

Gerson argues that Duffy was the real party in interest in La Sanska v. United States, No. 63 C 1456, and that following the dismissal of such action with prejudice, the doctrine of res judicata operates to bar the indemnity proceedings. Such argument seeks to establish an incorrect application of the law.

██ Duffy was not made a party to this action, either as a defendant, as a third-party defendant, or otherwise. No authority has been cited that Duffy's contractual liability to the United States in La Sanska's cause

No. 63 C 1456, made it privy to the interest of the United States. It seems apparent that a right of action in the United States to contractual indemnity from any or all of several parties does not make one of such parties privy to the interests of the United States. The rights of the United States and Duffy are neither mutual nor successive upon the issue of Gerson's liability to indemnify Duffy. Sweeting v. Campbell, 2 Ill2d 491, 119 NE2d 237 and Cohen v. Schlossberg, 17 Ill App2d 320, 150 NE2d 218.

█ Gerson argues that the evidence shows that Duffy, while not a party, did, in fact, direct and control the action of the United States and hence must be bound by the judgment entered. As noted in Schlossberg, the factors of direction and control of a cause may be applied for purposes of estoppel only upon precisely noted facts. That opinion points out that certain language concerning direction and control of the cause of action was used in Easton v. Hall, 323 Ill 397, 154 NE 216, but that the party referred to actually held an interest as successor and hence was informal privy.

The element of direction and control of the proceedings to establish estoppel was argued in Schlossberg. There, in mandamus proceedings the issuance of a certificate of stock in a closely held corporation was ordered. Subsequently, the controlling corporate owners brought an action to try title to Schlossberg's stock. There may be estoppel where the interest is, in fact, presented in the pleadings and determined in the litigation. Lightcap v. Bradley, 186 Ill 510, 58 NE 221; Dishinger v. Bon Air Catering, Inc., 336 Ill App 557, 84 NE2d 562. Schlossberg contended that the action to try title to the stock was barred by the judgment in mandamus. The court pointed out that the issue of title to this stock was not present in the mandamus proceeding and title to the shares was not determined. Cf. Chas. Ind Co. v. Cecil B. Wood, Inc., 56 Ill App2d 30, 205 NE2d

786; Newark Electronics Corp. v. City of Chicago, — Ill App2d —, — NE2d —; Gerson cites Cole v. Favorite, 69 Ill 457. That opinion is consistent with the proposition stated. In that case plaintiff had stored merchandise with the defendant warehouseman, who agreed to insure. The goods were destroyed by fire. By written agreement with the plaintiff, the warehouseman undertook to recover upon the insurance policy for such goods. Plaintiff participated and testified at the trial. In that action it was determined that there was no right of insurance recovery for plaintiff's loss. Plaintiff then sued the warehouseman. Recovery was denied for the reason that plaintiff's right to recover under the insurance policy had been determined and litigated in the former action. Gerson also cited Doherty v. Universal, 107 F 2d 548. We find, again, that the issue of the right of the plaintiff in the subsequent suit had been litigated and determined in a prior action. Hence, the subsequent suit was barred.

The third-party complaint of the United States against Gerson in the Federal District Court action, No. 63 C 1456, is confined to the liability of the latter to the former and patently does not raise or determine the issue of Gerson's liability to Duffy under the provisions of the relevant subcontract. The prayer for indemnity and "all expenses incurred" by the United States does not raise an issue concerning expenses which may have been incurred by Duffy. We doubt that there is any basis upon which Duffy could have intervened to raise such issue, but in any event, there was no duty to intervene. Crockett v. Harrison, 26 Ill App2d 9, 167 NE2d 428 and Sweeting v. Campbell, 2 Ill2d 491, 119 NE 2d 237.

There being a question of fact upon the issue as to whether Duffy was a real party in interest in cause No. 63 C 1456 in the Federal District Court, it was error to enter summary judgment for the defendant, Gerson.

The cause is reversed and remanded for further proceedings not inconsistent herewith.

Reversed and remanded.

CRAVEN, P. J. and SMITH, J., concur.