House of Realty, Inc. *et al.*, Plaintiffs-Appellees, *v.* Philip L. Ziff, Defendant-Appellant—(Marlene Herman, Defendant-Appellee.)

(No. 56140;

First District—December 8, 1972.

*Modified upon denial of rehearing January 12, 1973.*

Henry W. Kenoe and Raphael Fine, both of Chicago, for appellant.

Van Emden, Busch and Van Emden, of Chicago, (Alfred B. Busch and George J. Van Emden, of counsel,) for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court as modified upon denial of petition for rehearing:

Plaintiffs, real estate brokers, filed this action in the nature of an interpleader naming as defendants Philip L. Ziff, the buyer, and Marlene Herman, the seller of a particular improved parcel of real estate. Both defendants answered and the buyer filed a counterclaim. Seller moved that the counterclaim be stricken. This motion was granted and the court entered judgment in favor of plaintiffs and the seller. For purposes of appeal Ziff had defined the issues as follows: (1) whether the contract is enforceable and (2) whether the contract, if it existed at all, became null and void.

Plaintiffs, House of Realty, Inc. and Caldwell Realty Co., filed a complaint wherein they alleged: Marlene Herman entered into an agreement with House of Realty for the purpose of effectuating a sale of her residence; Caldwell Realty, a "cooperating broker," obtained from Philip Ziff an offer to purchase the property; Herman accepted the offer by signing the agreement "Marlene Rosen Herman Beneficiary"; in accordance with the terms of the contract, $7450 was deposited with House of Realty as escrowee; the agreement fails to set forth the terms and conditions of plaintiffs' duties as escrowee; in May, 1969, a dispute arose between Herman and Ziff relating to their rights and obligations under the contract and each made a demand upon plaintiffs for the funds held in escrow; because they secured a purchaser for the premises, plaintiffs claim they are entitled to $4225; and if it should appear by the terms of the contract that the funds held in escrow are forfeited to Herman payment of the commission should come from those funds, alternatively, if it is determined that Ziff is entitled to the funds held in escrow, plaintiffs should be entitled to a money judgment against Herman. Plaintiffs prayed that the court order Ziff and Herman to present for determination their claims to the funds; that judgment be entered against Herman in the amount of $4225; that the court instruct plaintiffs with respect to

their duties as escrowee; that the court discharge plaintiffs as escrowee; and that the court award plaintiffs their costs and attorneys fees.

Herman answered alleging numerous grounds for the dismissal of the suit. Ziff filed an answer and a five count counterclaim which in substance alleged that the sale agreement was a nullity, that prior to the delivery of the deed, the property was materially damaged, that Herman defrauded Ziff and breached her duty with respect to maintenance of the premises. Herman then moved that she be dismissed as a party defendant and the counterclaim be stricken.

The court found that the contract was enforceable; the counterclaim's allegations of damages to the property were insufficient to warrant a termination, cancellation or rescission of the agreement; plaintiffs were entitled to their commission; and Herman was entitled to the balance of the earnest money deposit. Pursuant to those findings, the court ordered that the counterclaim be dismissed, plaintiffs were awarded judgment of $4225, Ziff was barred from any claim or interest in the funds, the balance was to be paid to Herman, and upon the distribution of the funds, plaintiffs were discharged from all liability as escrowee. The court also found that there was no just reason for delaying enforcement of this decree or appeal therefrom.

■■ Initially, it is necessary to determine whether or not the contract was enforceable. Ziff contends that it was not because the seller was the beneficiary of a land trust and thus had no power to convey the property. In his counterclaim Ziff alleged: that by the terms of the contract, Herman was obligated to convey the property by warranty deed; Herman accepted the contract styling herself as "beneficiary" without disclosing the significance of such designation; by so styling herself she implied that the land was held in trust without disclosing the identity of the trustee or the terms of the trust agreement; on information and belief the counterclaim alleged the land was held in a land trust but the purported sale agreement does not "obligate" Herman to exercise the power of direction to convey by trustee's deed nor does Herman have the power or authority to enter into said agreement on behalf of the holder of legal title to the land.

In further support of this theory Ziff cites *Madigan v. Buehr* (1970), 125 Ill.App.2d 8, 260 N.E.2d 431. In that case a sole beneficiary of a land trust entered into a contract to sell a parcel of real estate. The court held that contract unenforceable because the beneficiary contracted "as the owner of the property." This case does not, however, have the effect of rendering unenforceable any contract entered into by a beneficiary. In fact, the case specifically states that the beneficiary may, under appropriate circumstances, enter into a contract to sell the property. We believe

that the instant case represents an instance wherein the beneficiary entered into an enforceable contract to convey the property. She styled herself as "beneficiary" thereby indicating to all concerned that she was not dealing with the property as the legal title holder. More importantly, her acceptance of the buyer's offer provided, "I accept this offer and agree to perform and convey title or *cause title to be conveyed* according to the terms of this agreement." (Emphasis supplied.) By this acceptance, Herman undertook to do, in effect, what the counterclaim, as recited above, alleged she had not done, namely, she obligated herself to see to it that all matters were taken care of to effectuate a transfer of title to Ziff. Thus, we hold the contract to be enforceable and count one of the counterclaim was properly dismissed.

■■ Having so held, it is next necessary to determine whether or not the contract became a nullity. Count III of Ziff's counterclaim and his brief to this count represent that the contract contained the following provision:

> "If, prior to delivery of deed hereunder, *the improvements on said premises shall be destroyed or materially damaged* by fire or other casualty this agreement shall at buyers' option, become null and void." (Emphasis supplied.)

This contractual provision, upon which Ziff relies, requires that the premises be "materially damaged" as a condition precedent to the buyer's election to declare the contract a nullity. To the same effect is the Uniform Vendor and Purchaser Risk Act (Ill. Rev. Stat. 1967, ch. 29, par. 8.1), which, by the terms of the statute itself, is included by interpretation in all contracts for the purchase and sale of real property in this State. Ziff contends that the premises were extensively, materially and substantially damaged by vandalism or otherwise in the following respects:

> a. the wooden supporting beams and the railing of the sundeck were damaged
>
> b. water seeped from second floor through to first floor ceiling
>
> c. the garage door leading to inside of the house was jimmied and the door was broken
>
> d. the slide door to the living room was jimmied and damaged
>
> e. the dining room wall was damaged
>
> f. the towel racks in the bathrooms were pulled out of the tile
>
> g. walls were disfigured by paint
>
> h. sliding closet door tracks were damaged
>
> i. the thermostat was destroyed
>
> j. the garage electrical controls were missing

k. the sink disposal was broken
l. the fan and light above the stove was damaged
m. the refrigerator was broken
n. the dining room light fixture was broken
o. the dishwasher was broken
p. the door chimes were broken
q. the intercommunication system was broken
r. the built-in ironing board was destroyed
s. breakfast room light fixture was destroyed
t. the porch door glass was missing.

Herman moved to strike and dismiss the counterclaim and supported that motion by affidavit (unanswered by Ziff) claiming that most all of these items had been damaged or missing prior to the date of the sale contract, giving precise dates in most instances.

This type of motion, *i.e.*, one filed under Section 48 of the Civil Practice Act, has been discussed at length in *Tidwell v. Smith* (1960), 27 Ill. App.2d 63, 70-72; 169 N.E.2d 157, 160-162. In the instant case the affirmative matter raised in the motion to dismiss was nothing more than evidence upon which defendant expected to contest a vital fact stated in the complaint. Thus, the court improperly granted Herman's motion to dismiss Count III of the counterclaim.

Insofar as the order of the circuit court strikes and dismisses Count III of the counterclaim it is reversed and remanded for further proceedings not inconsistent with the views expressed in this opinion. That part of the order of the court striking and dismissing the remainder of the counterclaim is affirmed.

Affirmed in part, reversed and remanded in part.

DRUCKER, P. J., and ENGLISH, J., concur.