GEORGE P. DANGELES, Plaintiff-Appellant, *v.* ETHEL L. MARCUS *et al.*, Defendants-Appellees.

First District (4th Division)  No. 76-367

Opinion filed February 16, 1978.

Jerome Goldberg, of Chicago, for appellant.

John F. Kneafsey, of Chicago, for appellees.

Mr. JUSTICE LINN delivered the opinion of the court:

Plaintiff appeals from the dismissal of his complaint for specific enforcement of both a lease and a sublease agreement. Defendant, Ethel L. Marcus (lessor), and defendant, Samuel Sherman (sublessee), moved to dismiss the complaint on the ground that the plaintiff and lessor had entered into a subsequent lease agreement which superseded the terms of the lease agreement which plaintiff seeks to enforce by this action. The trial court granted the motion and dismissed the complaint. Plaintiff contends that: (1) the trial court erred in granting the motion to dismiss on the basis of the subsequent so-called lease agreement; (2) that defendants' motion was insufficient in law; and (3) that plaintiff's motion to vacate the judgment was timely.

We reverse the decision of the trial court and remand the case for trial.

The complaint for specific performance, as amended, alleged that in July 1962 plaintiff entered into a written lease agreement with the lessor for a store to be used as a laundromat and self-service dry cleaning establishment. According to the lease attached to the complaint, the initial

term of the lease agreement was five years, from August 1, 1962, through July 31, 1967. The lease included provisions for a first option to renew the lease for a second five-year term from August 1, 1967, to July 31, 1972, and a second option to renew the lease for a third five-year period from August 1, 1972, to July 31, 1977. The option provisions also provided for an increase or decrease in the rental price for the option terms, based on changes in the cost of living as measured by the Consumer Price Index. The option provisions were contained in a rider attached to the standard lease form.

The complaint as amended also alleged that plaintiff gave notice, pursuant to the lease agreement, to extend the lease term for the first optional five-year term from August 1, 1967, until July 31, 1972. Thereafter, plaintiff and lessor executed a "memorandum" document in standard lease form, dated May 1, 1967, and covering the exact term of the first option from August 1, 1967, to July 31, 1972. The terms of this document included an increase in rental. A copy of this "memorandum," as set out in the record, contains no rider or option provision.

The amended complaint stated further that in October of 1968 plaintiff entered into a sublease agreement with sublessee, Sam Sherman; the sublease agreement was entered into with the consent of the lessor; and that the sublease provided for a greater rental than that paid by the plaintiff to the lessor.

A letter attached to the amended complaint indicates that on March 17, 1972, plaintiff notified the lessor's authorized agent, Louis Leaf, that he wished to renew the lease agreement for a second five-year period, to begin August 1, 1972. Plaintiff contends that he tendered the rental for August 1, 1972, the beginning of the new term, but that payment was refused by the lessor. The complaint further stated that since August 1, 1972, the sublessee has refused to pay the rental under the sublease agreement and has been making rental payments directly to lessor.

The complaint prayed for specific performance of the 1962 lease agreement between plaintiff and lessor and for the specific performance of the sublease contract between plaintiff and sublessee. In addition, plaintiff sought to recover from the lessor all monies received from the sublessee in excess of the rental owed the lessor by the plaintiff under the terms of their lease agreement.

The defendants filed a motion to dismiss which did not state under which section of the Civil Practice Act it was brought. An affidavit in support of the motion to dismiss alleged that on May 1, 1967, the plaintiff and lessor had entered into a new lease agreement which did not contain an option to renew and which superseded the 1962 lease agreement. Defendants referred to the "memorandum" document attached to the plaintiff's complaint and dated May 1, 1967, as the superseding lease. The

trial court dismissed the plaintiff's complaint. The trial court then denied plaintiff's motion to vacate the judgment order stating that the motion was not timely. Although the motion to vacate had been filed with the clerk of the court within 30 days of the judgment, it had not been brought before the court for hearing within the 30-day period.

From these decisions plaintiff appeals.

OPINION

At issue, for purposes of this appeal, is the propriety of the trial court's dismissal of the action, based on its finding that the plaintiff's right to renew under the original lease had been superseded and negated by a subsequent lease agreement executed by plaintiff and lessor. No issue is raised with regard to the sublease agreement between the plaintiff and the sublessee; the validity of that agreement is admitted for purposes of the motion to dismiss.

The plaintiff contends that the defendants' motion to dismiss was improperly granted because the complaint stated a valid cause of action for the specific performance of the provisions of a lease agreement. The mere existence of a subsequently signed document describing a lease, plaintiff argues, cannot, as a matter of law, defeat his claim. Plaintiff also contends that defendants' motion to dismiss was insufficient because it did not specifically point out the defects complained of and consisted merely of conclusions.

■■ The defendants contend that their motion to dismiss was properly granted because plaintiff, as a matter of law, cannot introduce evidence to show that the subsequently signed document is not a lease. We do not agree. An action should not be dismissed for insufficiency at law unless it clearly appears that no set of facts could be proven under the pleadings which would entitle plaintiff to relief. *Johnston v. Girvin* (1965), 61 Ill. App. 2d 47, 208 N.E.2d 894.

Whether a document which contains the term "lease" is in legal contemplation a lease, is an evidentiary question. It is well established that the legal effect given an instrument is not to be determined by the label it bears or the technical terms it contains. The intention of the parties must control the construction of the document. See *Illinois Central R.R. Co. v. Michigan Central R.R. Co.* (1958), 18 Ill. App. 2d 462, 152 N.E.2d 627; *Wistain v. Phillips Petroleum Co.* (1953), 349 Ill. App. 365, 110 N.E.2d 649; *Hoag v. Carpenter* (1886), 18 Ill. App. 555.

Here the existence of the two conflicting documents creates an ambiguity and raises the question of whether the so-called "memorandum" or second lease was supported by consideration. We note that the original lease contains a series of additional paragraphs pertaining to security provisions which are fundamentally in favor of the

lessor and belie the fact that the subsequent document, which has no similar provisions, was intended to supersede the original lease.

To explain these ambiguities plaintiff is not precluded by the parol evidence rule from introducing evidence of the parties intent at the time the subsequent document was signed. "The objection to parol evidence does not apply where it is offered not for the purpose of contradicting or varying the effect of a written contract of admitted authority, but to disprove the legal existence of a binding contract. Thus, parol evidence is admissible to prove or dispute the making of a contract." 18 Ill. L. & Prac. *Evidence* §275, at 392 (1959); see *Warner v. Gosnell* (1956), 8 Ill. 2d 24, 132 N.E.2d 526; *Spindler v. Krieger* (1958), 16 Ill. App. 2d 131, 147 N.E.2d 457.

■■ It is well established that a motion to dismiss a complaint admits all facts properly pleaded and that the well pleaded facts must state a cause of action. (*Sierens v. Clausen* (1975), 60 Ill. 2d 585, 328 N.E.2d 559; *Lopin v. Cullerton* (1977), 46 Ill. App. 3d 378, 361 N.E.2d 6.) Here the plaintiff's complaint sets out facts from which the conclusion may be drawn that the lessor has failed to comply with the terms of the original lease agreement. There are allegations of fact which establish the existence of a written lease containing a first and second option to renew the term of the lease, the giving of notice pursuant to the lease agreement of intent to renew the lease for the first option period, the extension of the lease term until July 31, 1972, and the execution of a document evidencing the extension of the lease term. The complaint further states that the plaintiff gave notice pursuant to the original lease agreement to extend the term for the second option period and that plaintiff's tender of the rental for the new period was refused. In our opinion these facts, admitted for the purpose of the motion to dismiss, clearly state a valid claim enforceable by specific performance.

The basis for defendants' motion to dismiss is stated in the attached affidavit as follows: "on * * * May 1, 1967 the same lessor and lessee entered into a new lease demising the same premises for a term of 5 years, with no provision for renewal * * *" and "the lease of May 1, 1967, supercedes and nullifies the prior lease of July 1, 1962." While defendants do not specify whether the motion is one brought under section 45 of the Civil Practice Act or section 48 of the Civil Practice Act, or both, the motion must fail under either section. Ill. Rev. Stat. 1975, ch. 110, pars. 45 and 48.

If brought under section 45 the party seeking to dismiss the pleading must specifically point out the defects complained of. (Ill. Rev. Stat. 1975, ch. 110, par. 45; *Zanbetiz v. Trans World Airlines, Inc.* (1966), 72 Ill. App. 2d 192, 219 N.E.2d 98; *Yale Development Co. v. Oak Park Trust & Savings Bank* (1975), 26 Ill. App. 3d 1015, 325 N.E.2d 418.) No technical deficiencies are specified in defendants' motion, nor are the alleged

defects apparent from the face of the complaint. Although the plaintiff attached a copy of the subsequently signed document to the complaint, this does not disclose that the plaintiff's rights under the original lease have terminated. Additionally, plaintiff explains in his complaint that the subsequent document is actually a memorandum evidencing the exercise of the option under the terms of the first lease. Accordingly, there arises a question of fact which may not be properly decided in the context of the present motion to dismiss.

If we construe the motion as being brought under section 48(1)(i) of the Civil Practice Act, as indeed it appears to be since the grounds do not appear on the face of the plaintiff's complaint, the motion fails because the affidavit attached is legally insufficient to support the dismissal of plaintiff's claim.

Section 48 of the Civil Practice Act provides in pertinent part:

"(1) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit:

* * *

(i) That the claim or demand asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim or demand."

■■ The main purpose of section 48 is to provide a means of disposing of issues of law or of easily proved issues of fact. (*Stanley v. Chastek* (1962), 34 Ill. App. 2d 220, 180 N.E.2d 512; *Tidwell v. Smith* (1960), 27 Ill. App. 2d 63, 169 N.E.2d 157.) If it cannot with reasonable certainty be determined from the record then before the court that the alleged defense exists, the motion should not be allowed on that ground. (*Stanley v. Chastek* (1962), 34 Ill. App. 2d 220, 180 N.E.2d 512.) Where the matter alleged in defense is nothing more than evidence upon which a defendant expects to contest a material fact stated in the complaint, to dismiss under section 48(1)(i) is improper. *House of Realty, Inc. v. Ziff* (1972), 9 Ill. App. 3d 419, 292 N.E.2d 71.

■■ Defendants assert in defense that the subsequently signed document is a lease superseding the terms of the original lease and negating the second option contained therein. Ordinarily, facts constituting such a defense must be plainly set forth in the defendant's answer as required by section 43 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 43), but may be asserted in a proper case by a motion to dismiss supported by affidavit (*McNeil v. Allstate Insurance Co.* (1966), 69 Ill. App. 2d 270, 216 N.E.2d 3; *Tidwell v. Smith* (1960), 27 Ill. App. 2d 63, 169 N.E.2d 157). The burden of establishing the defense rests on the defendant. *Stanley v. Chastek* (1962), 34 Ill. App. 2d 220, 180 N.E.2d 512.

Plaintiff contends that the allegations contained in the affidavit attached to the defendants' motion to dismiss are conclusory and do not comply with Supreme Court Rule 191. (Ill. Rev. Stat. 1975, ch. 110A, par. 191.) We agree. Supreme Court Rule 191 requires that affidavits in support of section 57 motions for summary judgment and section 48 motions to dismiss "shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; * * * shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto." Unsupported conclusions in an affidavit supporting a motion are insufficient and should not be considered by the trial court in ruling on the motion. (*International Society For Krishna Consciousness, Inc. v. City of Evanston* (1977), 53 Ill. App. 3d 443, 368 N.E.2d 644; *Standard Oil Co., Division of American Oil Co. v. Lachenmyer* (1972), 6 Ill. App. 3d 356, 285 N.E.2d 497; *La Sanska v. University of Chicago* (1970), 129 Ill. App. 2d 157, 262 N.E.2d 806.) Defendants' assertion that the subsequently signed document supersedes the original lease was nothing more than evidence by which defendants expected to contest a vital fact stated in the complaint. No evidentiary facts are offered by the defendants in their affidavit upon which their motion to dismiss can be sustained.

Although defendants argue that plaintiff did not preserve his objections in the trial court and has failed to present an adequate record for review by this court, our reading of the record indicates that these contentions are totally without merit.

■■ Finally, the trial court's determination that plaintiff's motion to vacate the judgment order was not timely is in error. We agree with the plaintiff's contention that a motion to vacate is timely if filed with the clerk of the court within 30 days of the judgment order although motioned for hearing after the 30-day period has expired. Under section 68.3 of the Civil Practice Act a motion to vacate is timely if filed within 30 days after the entry of the judgment. (Ill. Rev. Stat. 1975, ch. 110, par. 68.3.) This provision does not require that the motion be called for hearing within the 30 day period. See *City of Chicago v. Exchange National Bank* (1971), 133 Ill. App. 2d 370, 273 N.E.2d 484, *aff'd*, 51 Ill. 2d 543, 283 N.E.2d 878; *cf. Kollath v. Chicago Title & Trust Co.* (1975), 62 Ill. 2d 8, 338 N.E.2d 188 (holding that the filing of notice without motion is insufficient).

For the reasons stated we reverse the judgment of the trial court. The cause is remanded with directions to deny the motion to dismiss and for further proceedings consistent with the views expressed herein.

Reversed and remanded.

JOHNSON, P. J., and DIERINGER, J., concur.