Dorothy Jean Stanley, Plaintiff-Appellant, v. Dale Chastek, Defendant-Appellee.

Gen. No. 11,525.

Second District, Second Division.

March 6, 1962.

George T. Swaim, Jr., of Kankakee, Appleman, Zimmerly & McKnelly, and John B. Hyde, of Champaign, for appellant.

■■■■■■■■■

Butz, Blanke & Stith, and Wayne P. Dyer, of Kankakee, for appellee.

CROW, J.

On August 7, 1959, the plaintiff, Dorothy Jean Stanley, filed her complaint at law against the defendant, Dale Chastek, alleging that on or about November 1, 1956 she entered into a contract with the defendant, the only copy being in the possession of the defendant, by which he agreed to straighten her teeth; prior to entering into the contract the defendant held himself out and represented himself to be an orthodontist and skilled in the straightening of imperfect and defective teeth; in reliance upon those representations and promises she agreed to and did undergo a course of treatment administered by the defendant designed by the defendant to straighten her teeth; unknown to her and against her will he used a novel, experimental, and untried method of teeth straightening for a person of her age, and as a result her teeth were moved so rapidly that they were damaged, the jawbone was damaged, and the teeth had to be removed wholly, to her damage; by virtue of the breach of the contract so entered into as aforesaid she has been damaged in a certain sum, for which she prayed judgment, and she demanded a jury trial.

The defendant filed a motion to dismiss upon the ground that the cause of action alleged in the complaint was not commenced within the time limited by law, and in support thereof the defendant said in his motion:

"1. That on the 6th day of November, 1956, plaintiff and defendant entered into an agreement, in writing, described as "Professional Budget Plan", whereby plaintiff promised to pay to de-

223

fendant the sum of Five Hundred Seventy-five and no/100 ($575) Dollars, in the manner therein provided, for professional dental services to be rendered by the defendant, a true and correct copy of said agreement in writing, and a true and correct copy of Patient's Office Record being attached hereto and made a part hereof by reference; that no other contract has been entered into by the parties hereto.

2. That this defendant, by virtue of the provisions of said agreement in writing and Patient's Office Record, as kept by the defendant with respect to the plaintiff herein, did not agree or contract to straighten plaintiff's teeth.

3. That on and after August 7, 1956, this defendant rendered professional orthodontic service and treatment to the plaintiff up to and including the 6th day of July, 1957, and defendant performed no professional services for said plaintiff after July 6, 1957.

4. That the cause of action alleged in plaintiff's Complaint is, in substance and in fact, an action in tort for damages for alleged injuries to the person of the plaintiff.

5. That by virtue of the provisions of Chapter 83, Section 15, Illinois Revised Statutes, 1957 Edition, actions and damages for injuries to the person shall be commenced within two years next after the action accrued therefor.

6. That at all times mentioned herein, defendant has resided in the State of Illinois.

7. That by virtue of the foregoing, the action of the plaintiff has been barred by the provisions of Chapter 83, Section 15, Illinois Revised Statutes.

8. That the affidavit of the defendant in support of this motion is attached hereto."

The defendant's affidavit attached to his motion to dismiss was to the effect that on November 6, 1956 he entered into an agreement in writing with the plaintiff, a correct copy of which is attached and made a part thereof; he made and kept an office record for her, a correct copy of which is attached and made a part thereof; no other agreement in writing has been made between him and the plaintiff; on and after November 6, 1956 he rendered professional orthodontic services and treatment to the plaintiff to July 6, 1957; he performed no professional services for her after July 6, 1957; at all times since November 6, 1956 he has resided in Illinois.

Attached to the defendant's motion to dismiss and his affidavit is a copy of a printed instrument entitled "Professional Budget Plan," dated November 6, 1956, signed by the defendant as "Doctor" and by the plaintiff as "Contracting party," with the word "(Seal)" after each signature, in the presence of one Donna Ewing, which reads, so far as material, as follows: "1. The Doctor . . . is rendering and/or will render professional services to Dorothy Stanley, patient, a more complete description of which services are described on the patient's office record which is hereby made a part of this Plan by incorporation as fully and completely as though the same were set forth in full herein. 2. Now, therefore, in consideration of such professional services rendered or to be rendered the Patient, the undersigned contracting party whose signature appears hereafter, on or before the date or dates mentioned below, promises to pay the Doctor . . . the total sum of Five Hundred Seventy-five and No/100 Dollars . . . ." Then follows the schedule of payment, etc., provisions for the event of failure to pay etc., a provision for the event of delays, etc., a provi-

225

sion for the event of termination of services prior to completion, etc. and a provision for the event of any part of the Plan being prohibited by law in any state. In those other paragraphs the instrument is referred to as "this contract," the plaintiff as a signatory is referred to as "the contracting party," and the services are referred to as "services contracted for herein." The instrument bears at the bottom the legend "Copyright 1950 Professional Budget Plan, Madison, Wisconsin."

Also attached to the motion to dismiss and affidavit is the patient's office record which indicates regular payments up to October 19, 1957, and also indicates, so far as may be material:

| 10–15–56 | — | Impressions, x-ray, photo. |
| 11– 6–56 | — | Construction of appliance. |
| 11–13–56 | — | Completion of appliance—first adjustment. |
| 1–14–57 | — | Adjustment. |
| 2– 9–57 | — | Adjustment. |
| 3–11–57 | — | Observation. |
| 3–30–57 | — | Adjustment. |
| 5– 4–57 | — | Adjustment. |
| 6–10–57 | — | Observation. |
| 7– 6–57 | — | Adjustment. |

At the hearing on the Motion to Dismiss, the plaintiff filed a counteraffidavit alleging as follows:

"2. The affiant says she was first aware of any damage to herself as a result of the professional services rendered to her by the defendant in said cause in the month of October, 1957, and prior to that time had had no knowledge of or no reason to believe that she had in any way been damaged by the treatments or conduct of the defendant, and that her cause of action against the defend-

ant first occurred sometime in the month of October, 1957, the exact day of the month being unknown to the plaintiff.

"3. All during the period of time that the defendant was performing professional services for the plaintiff, up to and including July 6, 1957, the plaintiff had absolutely no knowledge that the defendant was in any way breaching his contract with her, or that she was receiving any damage as a result of the contract she had entered into with the defendant."

The Court on September 30, 1960 allowed the defendant's motion to dismiss for the reason that the action of the plaintiff was not commenced within the time limited by law, dismissed the complaint, and entered a final judgment for the defendant. The Court's view was that this is a tort action for damages for an injury to the person, it had to be commenced within two years next after the cause of action accrued, Ch 83 Ill Rev Stats, 1957, par 15, the cause of action accrued on or before July 6, 1957, and the complaint filed August 7, 1959 was beyond the two year period. Within 30 days after the judgment the plaintiff filed a motion for leave to file an amended complaint and a motion to vacate the judgment, which were later denied. The record indicates an Amended Complaint "as presented after motion disallowed but not filed." The plaintiff appeals.

The plaintiff's theory is that her cause of action (either in tort or in contract) accrued in October, 1957 when the element of damage first occurred to her knowledge, and the suit filed August 7, 1959 was timely filed even if the two year limitations statute applies; she could maintain an action for breach of warranty of the written contract within ten years of its breach, under Ch 83 Ill Rev Stats, 1957, par 17;

and the Court erred in dismissing the case as being barred by the statute of limitations.

The defendant's theory is that the plaintiff's cause of action accrued at the time of committing the alleged negligent acts, which acts terminated on July 6, 1957; the action is one for damages for injury to the person and falls under the two year statute of limitations, Ch 83, Ill Rev Stats, 1957, par 15; the order denying leave to file an amended complaint should not be reversed because no appeal is taken from that order and because the proposed amended complaint was not presented to the trial court prior to entry of that order.

Ch 110 Ill Rev Stats, 1959, par 48, being Section 48 of the Civil Practice Act, provides, so far as material:

> "48. Sec. 48. Involuntary dismissal based upon certain defects or defenses. (1) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit:
>
> . . . . . .
>
> (e) That the action was not commenced within the time limited by law.
>
> . . . . . .
>
> (3) If, upon the hearing of the motion, the opposite party presents affidavits or other proof denying the facts alleged or establishing facts obviating the grounds of defect, the court may hear and determine the same and may grant or deny the motion. If a material and genuine disputed question of fact is raised the court may decide the motion upon the affidavits and evidence offered by the parties, or may deny the motion

without prejudice to the right to raise the subject matter of the motion by answer and shall so deny it if the action is one at law and a jury demand has been filed by the opposite party in apt time."

This action is one at law. A jury demand has been filed by the plaintiff in apt time. The Court is therefore required to deny the defendant's motion if a material and genuine disputed question of fact is raised. The issue, therefore, is: Is a material and genuine disputed question of fact raised as to whether "the action was not commenced within the time limited by law."

Section 43 of the Civil Practice Act, Ch 110 Ill Rev Stats 1959, par 43, also provides, so far as material:

. . . . . .

"(4) The facts constituting any affirmative defense, such as . . . or cannot be recovered upon by reason of any statute . . . and any defense which by other affirmative matter seeks to avoid the legal effect of or defeat the cause of action set forth in the complaint, . . . must be plainly set forth in the answer or reply."

The main purpose of Section 48 is to provide for a disposition of a case upon such defenses, as indicated therein, as may be decided by resort to a record or matter so conclusive that a plaintiff could not deny it; if it cannot with reasonable certainty be determined from the record then before the Court that the alleged defense exists the motion should not be allowed on that grounds; the purpose is primarily that of affording a means of obtaining at the outset a summary disposition of issues of law or of easily proved issues of fact, with a reservation of jury trial as to disputed questions of fact: Tidwell v. Smith et al. (1960) 27 Ill App2d 63, 169 NE2d 157; if the alleged affirmative matter in defense is nothing more than evidence upon

which a defendant expects to contest a vital fact stated in the complaint, the motion to dismiss under Section 48 is not proper: John v. Tribune Co. (1958) 19 Ill App2d 547, 154 NE2d 862.

The statute of limitations is an affirmative defense and the burden of proving it rests upon the party pleading it; the statute is procedural and affects only the remedy, not the substantive rights; ordinarily it cannot be raised by a motion to strike unless it affirmatively appears from the pleading attacked that the cause of action is barred by the particular section of the limitations statute being interposed as a defense: Burnett v. West Madison State Bank et al. (1940) 375 Ill 402, 31 NE2d 776; In re German (1961) 193 F Supp 948, DCSD Ill. Being an affirmative defense, ordinarily the facts constituting such must be plainly set forth in the defendant's answer, pursuant to Section 43 of the Civil Practice Act, though such a grounds may be asserted in a proper case by motion for dismissal, supported, if necessary, by affidavit, under Section 48, but the burden is on the defendant: Cf. Tidwell v. Smith et al., supra.

The statute of limitations, Ch 83 Ill Rev Stats, 1959, par 15 and par 17 (so far as material) provides:

. . . . . .

"15. Personal Injuries, Penalties, Etc.) Sec. 14. Actions for damages for an injury to the person, or for false imprisonment, or malicious prosecution, or for a statutory penalty, or for abduction, or for seduction, or for criminal conversation, shall be commenced within two years next after the cause of action accrued.

. . . . . .

"17. On Writings—New Contract.) Sec 16. Actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other

230

evidences of indebtedness in writing, shall be. commenced within ten years next after the cause of action accrued; . . ."

The complaint here alleges that on or about November 1, 1956 the plaintiff entered into a contract with the defendant, the only copy being in the possession of the defendant, by which he agreed to straighten her teeth; prior thereto he held himself out to be and represented he was an orthodontist, skilled in straightening teeth; in reliance on those representations and promises she agreed to and did undergo a course of treatment administered by him and designed by him to straighten her teeth; and by virtue of the breach of contract so entered into she has been damaged. True, a copy of the written instrument is not attached as an exhibit or recited at length therein, and the plaintiff did not attach to the complaint an affidavit stating facts showing that the instrument is not accessible to her, as Section 36 of the Civil Practice Act requires: Ch 110 Ill Rev Stats, 1959, par 36. But the allegation of the complaint that the only copy is in the possession of the defendant is, in effect, an allegation it is not accessible to her, and the defendant has not by the present motion, or otherwise, raised any objection to the complaint because of the absence of such a copy or such a recital or such an affidavit. The complaint, fairly viewed, is founded upon a written instrument, within the meaning of Section 36. Indeed, from the defendant's motion to dismiss, etc., it appears admitted that there was a written instrument between the parties, namely, the instrument entitled "Professional Budget Plan" and the associated "patient's office record," and that the defendant has the only copy thereof. The parties have apparently proceeded in the Court below and here on the basis that that particular instrument is the written instrument

231

to which the plaintiff refers in her complaint, a copy of which necessarily could not be attached as an exhibit or recited at length therein because, the only copy being with the defendant, it was not accessible to her. We shall similarly so proceed.

The complaint reading as it does, and this particular written instrument upon which the complaint is to be considered as founded providing as it does, the action, from the present record, looks like an action on an alleged "written contract," under Ch 83 Ill Rev Stats, 1959, par 17, and if it is, the limitations period is ten years next after the cause of action accrued.

Perhaps the most closely, though not necessarily entirely analogous case to which we've been referred is Kain v. The Arizona Copper Co., Ltd. (1913) 14 Ariz 566, where the Court reversed and remanded a judgment which had sustained the defendant company's demurrers raising the Arizona statute of limitations to a complaint by the plaintiff employee of the defendant alleging a contract by the defendant to furnish the plaintiff hospital, nursing, and medical services if injured while employed, certain breaches, negligent examinations, incompetent treatment, etc., wherein the court said, in part, p 569 ff:

> "It is not an action for personal injury nor for malpractice by the mining company. The complaints . . . allege a contract between appellant and mining company . . . The cause of action stated is for a breach of contract to furnish skilled and competent physicians and surgeons and competently to treat appellant's injuries as it had agreed to do. . . . It is, therefore, clear that it is not for personal injury or for malpractice, . . . and consequently the limitation of one year, . . . is inapplicable.

232

"The contract . . . is pleaded as an express contract, but it is not shown whether it is a written or verbal contract. . . ."

. . . . . .

"The complaint does not show upon its face that the contract pleaded was not in writing, and we have treated the contract sued upon, for the purpose of the special demurrer, as a written contract. . . .

". . . If they undertake to furnish treatment, not as a charity, they stand in no different light from the ordinary physician. . . ."

The defendant refers us to no Illinois case holding that there cannot be a written contract between a dentist and patient for orthodontist services, or that, if there is, in fact and in law, such a written contract the ten year statute of limitations does not apply to an action thereon, or sustaining a motion to dismiss under Section 48 of the Civil Practice Act of an action on such a written contract on the grounds the action was not commenced within the time limited by law.

■ The defendant argues that in malpractice suits for personal injuries the two year statute of limitations applies even though the relationship between dentist and patient is based on contract; according to the rule of ejusdem generis, where words of general description follow particular and specific words the general words include only things of the same class or nature as the specific words, and "written contracts" in Ch 83 Ill Rev Stats, 1959, par 17 means only things of the same class as "bonds, promissory notes, etc." and by implication excludes a written contract for professional services; where the plaintiff must prove his written contract in part by parol evidence the ten year statute of limitations, applicable to certain writings, has no application, the particular written in-

233

strument here is incomplete, the type of professional services must be determined from parol evidence, there is nothing therein of representations by the defendant that he was skillful in straightening teeth, or about untried or experimental methods, or that the contract was to straighten teeth; and where an action is for personal injuries the statute of limitations for personal injuries applies and the statute of limitations for suits on contracts does not apply even though the infliction of injury constitutes a breach of contract. Keirsey v. McNeemer (1915) 197 Ill App 173, referred to by the defendant, did not involve a written contract of any kind between a doctor and patient, but a suit on the case in tort for injuries, without reference to contract. McKee v. Allen (1900) 94 Ill App 147 was of the same type and, further, involved no issue at all over what statute of limitations applied but only a question of when is a suit begun. City. of Rockford v. Hey et al. (1937) 366 Ill 526, 9 NE2d 317, states the general principle of ejusdem generis but did not involve this or any other statute of limitations or the application or nonapplication of that principle thereto. Furthermore, it has been held there may be a written contract for professional legal services between a lawyer and a client, governed by the ten year statute of limitations: Dickerman v. Jones (1946) 328 Ill App 131, 65 NE2d 142,—and between an architect and a client for professional architect's services: Holsman v. Campbell Realty Co. (1940) 303 Ill App 656, 35 NE2d 841. And we see nothing in Ch 83 Ill Rev Stats, 1959, par 17 which excludes its application to a written contract for professional dental services between a dentist and a patient, if there is, in fact and in law, such a written contract. It has been said, speaking generally, that wherever there is a contract, and something to be done in the course of the employment which is the subject of the contract, if there is a breach of the duty

234

in the course of that employment the plaintiff may recover, either in tort or in contract: Cf. Nevin v. Pullman Palace Car Co. (1883) 106 Ill 222. Representative of the cases the defendant refers to on the next phase of his argument are Illinois Cent. R. Co. v. Miller (1888) 32 Ill App 259, Railway etc. Assoc. v. Loomis (1892) 142 Ill 560, 32 NE 424, Mowatt v. City of Chicago (1920) 292 Ill 578, 127 NE 176, and Novosk et al. v. Reznick et al. (1944) 323 Ill App 544, 56 NE2d 318, all of which have already been distinguished from a case of the type of the case at bar in Economy Fuse etc. Co. v. Raymond Concrete Pile Co. (1940) 111 F2d 875, CCA 7th or Spoor v. Q. and C. Co. (1947) 162 F2d 529, CCA 7th, to which we later refer. And Handtoffski v. Chicago etc. Co. (1916) 274 Ill 282, 113 NE 620, the last Illinois case the defendant cites on this part of his argument, did not involve a suit on a written contract.

 A cause of action upon a written contract is not necessarily taken out of that class by reliance in a proper case upon some competent evidence of surrounding circumstances. In determining whether the written provision imports a warranty implied by law competent evidence may in a proper case be considered of the surrounding circumstances in arriving at the true meaning of the parties. That does not necessarily violate the parol evidence rule or militate against characterizing the cause of action as one arising upon a written contract. In determining what the contract contemplates heed may be given to what was before the parties in the way of surrounding circumstances at the time of execution of the contract. Inferred intentions, necessarily implied from the express provisions, may be just as much a part of the contract as the clearly expressed undertakings. The law governing the parties at the time the contract is made necessarily enters into and forms a part of every contract

235

as if fully and expressly incorporated therein. It may be a part of a written contract, though not specifically stated, but nevertheless incorporated therein as fully as if expressly stated, that a defendant will do his work with reasonably good materials, in a reasonably workmanlike manner, and in such a way as reasonably to meet such requirements as he has notice the work is required to meet. Neither competent proof of surrounding circumstances disclosing the purposes of the work, nor the implied undertakings arising therefrom or from the contract necessarily remove the cause of action from the class governed by the ten year statute of limitations: Economy Fuse etc. Co. v. Raymond Concrete Pile Co. (1940) 111 F2d 875, CCA 7th. The ten year limitation provision is not necessarily inapplicable merely because the cause of action cannot be maintained without some kind of competent parol evidence: Spoor v. Q. and C. Co. (1947) 162 F2d 529, CCA 7th. Not all of the duties growing out of a contract must have been expressly stipulated for; many duties arise ex lege out of the relation created by the contract; one familiar illustration of that class of contracts, which may give rise to an almost infinite variety of implied duties, are those between physician and patient: Cf. Nevin v. Pullman Palace Car Co. (1883) 106 Ill 222. Though parol evidence may be necessary to show delivery of a writing and its acceptance and adoption by a party, the contract is, notwithstanding, a written contract; some obscurity or incompleteness in phraseology pertaining to performance of the contract rather than formation of the contract does not make the written contract incomplete: Memory v. Niepert (1890) 131 Ill 623, 23 NE 431. Merely because some competent parol evidence of performance (or nonperformance) is necessary to maintain a cause of action does not mean an otherwise written contract

rests partly in parol: Plumb v. Campbell (1888) 129 Ill 101, 18 NE 790.

■ The alleged written contract here provides for professional services of the defendant doctor, who, by his motion etc., admits that he rendered professional orthodontic service and treatment to the plaintiff up to and including July 6, 1957, and, of course, admits the type of services such as are shown by his own patient's office record as to the plaintiff, which is a part of the contract, but he says he did not agree or contract to straighten plaintiff's teeth. The office record discloses "impressions, x-ray, photo," "construction of appliance," "completion of appliance," six separate "adjustments," and two "observations." The defendant argues that the written instrument is incomplete, and the type of professional services must be determined from parol evidence. The plaintiff argues that she can show the nature of the services the defendant was to render, namely, teeth straightening, by parol evidence. The contract in question may be somewhat ambiguous in the sense that it does not expressly state the particular type of professional services to be rendered. However, we believe competent extrinsic evidence would be admissible to aid the Court in reaching a proper interpretation of the agreement and to show the exact nature of the professional services to be rendered. See: 12 Ill Law and Prac, pp 387, 395, 398, 399, 402, 405, 429, 435.

■ A motion was made by the plaintiff within 30 days after the judgment to vacate the judgment and for leave to file an amended complaint. The plaintiff argues she should have been allowed to file an amended complaint. This and other points argued we do not deem it necessary to pass upon. We believe that on the present record as presented to us the two year statute of limitations 'did not apply because this is an action upon an alleged written contract.

237

The Trial Court erred in dismissing this suit and the judgment is reversed and the cause remanded with directions to deny the motion to dismiss.

Reversed and remanded.

SPIVEY, P. J. and WRIGHT, J., concur.