THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRANCISCO GONZALES, Defendant-Appellant.

(No. 71-398; )

Second District—June 26, 1973.

*Supplemental opinion upon rehearing December 14, 1973.*

Paul Bradley, of Defender Project, of Elgin, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James W. Jerz, of Model District State's Attorneys Office, of Elgin, of counsel), for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

This appeal is from a post-conviction proceeding.

On March 8, 1966, after pleading guilty to voluntary manslaughter, defendant was sentenced to a term of 15 to 20 years. Two years later he filed a petition seeking a complete transcript of all court proceedings. The court allowed his request and ordered a transcription prepared and sent to him. This was not done.

On February 14, 1969, defendant filed a *pro se* petition for post-conviction relief and the public defender was appointed to represent him. Two years later, the public defender was replaced by other counsel and, at that time, an amended petition was filed. On August 25, 1971, evidence was heard and relief denied. The next day a notice of appeal was filed. It was not until a year later that a portion of the original proceedings was transcribed and filed in this Court. The portion furnished relates only to the admonition given defendant at the time his plea was accepted.

Defendant claims that (1) he was denied adequate representation by counsel at his post-conviction hearing in that his attorney failed to review his original court proceedings and (2) that his sentence is excessive.

While the appeal was pending, the State moved for leave to file a certificate of compliance in the form of an affidavit executed by defendant's counsel at the post-conviction hearing. The motion, together with objections, was taken with the case. Also taken with the case was a motion by defendant requesting that the new Unified Code of Corrections be applied to his sentence.

■■ Defendant's motion is denied. We do not consider an appeal from a post-conviction proceedings to be a direct appeal. The words, "final adjudication," found in section 8—2—4 of the Code and relied upon by the defendant, apply only to *direct* appeals that were not finally adjudicated as of the effective date of the Act. *People v. Chupich* (1973), 53 Ill.2d 572, 584; *People v. Harvey* (1973), 53 Ill.2d 585, 589-590.

■■ It is also claimed that the sentence is excessive and defendant requests that we invoke our power under Supreme Court Rule 615(b)(4) to reduce it. We decline. The point was not raised nor urged in the trial

court and is therefore waived. (*People v. Brouhard* (1973), 53 Ill.2d 109, 114.) Even under converse circumstances, this issue is not cognizable when, in a post-conviction proceedings, the sentence is within the statutory limits. *People v. Ballinger* (1973), 53 Ill.2d 388, 390.

■■ Defendant's contention that he was denied adequate representation by counsel is founded upon an alleged violation of Rule 651(c) wherein counsel is required to review the record of proceedings. To satisfy this requirement, the State moved to supplant the record with a certificate of compliance founded upon an affidavit of counsel who represented the defendant at the post-conviction hearing. In substance, the attorney admits that he never read any transcript of proceedings prior to the hearing but that upon reading a portion of the proceedings some 19 months later, he concludes that no additional issues could have been raised. The certificate presupposes that if the balance of the original trial record were transcribed, no substantial constitutional questions would be found. This purely speculative surmise renders the certificate inadequate. The State's motion is, therefore, denied.

■■ Post-conviction proceedings are limited in scope and this is likely to be the only review to which the defendant will be entitled. The purpose of the Rule is not merely formal and its nonobservance should be discouraged. (*People v. Brown* (1972), 52 Ill.2d 227, 230.) We are of the opinion that, in keeping with the rule's intent, a complete record should have been made available to the defendant.

For the reasons stated, the judgment appealed is vacated and the cause is remanded for further proceedings in accordance with the views expressed herein.

Motions taken with the case are denied; judgment is vacated and the cause remanded with directions.

ABRAHAMSON and SEIDENFELD, JJ., concur.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court upon rehearing:

The State's petition for rehearing was allowed. Attached to the petition is an affidavit by the court reporter for the original trial which informs us that his shorthand notes of the hearing on aggravation and mitigation proceedings, held on March 21 and 22, 1966, cannot be found. (The transcript of this two-day hearing is the missing portion of the record of proceedings mentioned in the opinion.)

One issue raised by defendant's post-conviction petition is that his plea of guilty was based upon trial counsel's promise that he would receive a penitentiary sentence of five to fifteen years.

■■ On rehearing, the State argues that that portion of the record of proceedings which covers the hearing on aggravation and mitigation is unnecessary. We quote from the State's brief:

> "A record of the sentencing hearing, however, whether a transcript or a by-stander's report constructed through recollection, would reveal no information relating to the regularity of defendant's conviction and sentence which has not already been adduced at the post-conviction hearing. Ordinarily, matters relating to a sentence or a sentencing hearing do not raise issues cognizable under the Post-Conviction Hearing Act. *People v. Wilbourn,* 48 Ill.2d 187; *People v. Bollinger,* 53 Ill.2d 388, 390. *Hence, the only way in which a record of the sentencing hearing in this case might be helpful to defendant or his counsel would be if there had been some event recorded at the sentencing hearing which corroborated defendant's post-conviction allegation that there was a plea agreement under which defendant's sentence was to be only five years, not the fifteen to twenty year sentence actually imposed.* Evidence which has already been adduced at the hearing on defendant's post-conviction petition, however, supports no reasonable inference except that such an event would not be found in the record of defendant's sentencing hearing." (Emphasis added.)

By the underscored exception (above) the State has effectively answered its own argument for it is precisely such circumstance, together with defendant's post-conviction allegations, which makes it imperative that defendant be provided a record of his hearing in aggravation and mitigation.

Alternatively, the State requests that, upon remand, the scope of review be limited to only new matters that may be revealed by the untranscribed portion of the proceedings.

Subsequent to the post-conviction hearing, appellate counsel was furnished certain documentary evidence bearing upon the issue raised by defendant. In light of this and in fairness to the defendant, we direct the trial court to conduct a complete new hearing on defendant's post-conviction petition and hereby reaffirm the orders of the opinion.

ABRAHAMSON and SEIDENFELD, JJ., concur.