THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellant, v. MARK J. CARLTON, Defendant-Appellee.

Second District   No. 81—0591

Opinion filed June 14, 1985.

James E. Ryan, State's Attorney, of Wheaton (Barbara A. Preiner, Assistant State's Attorney, and Phyllis J. Perko and Marshall Stevens, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Frank Wesolowski, Jr., Public Defender, of Wheaton, for appellee.

JUSTICE SCHNAKE delivered the opinion of the court:

The defendant, Mark Carlton, was charged by information with the theft of three cases of Chivas Regal Scotch whiskey, valued at over $150. The defendant filed a motion to suppress as evidence the three cases of Chivas Regal which were obtained during a warrantless search of the trunk of the car in which he was riding. The circuit court of Du Page County granted the defendant's motion, and the State appeals.

On appeal, the State argues that the trial court erred in holding: (1) that the defendant had "standing" to contest the search of a vehicle that he was a passenger in, and (2) that there were no exigent circumstances present to justify the warrantless search of the vehicle's trunk. We find that the defendant lacked standing to contest the constitutionality of the search and, therefore, reverse the trial court without reaching the State's second issue.

On January 10, 1981, at approximately 4 p.m., a citizen, Gary R. Dec, entered the Walgreen Drug Store in the Pickwick Shopping

Center in Glen Ellyn and asked the assistant manager, Jack H. Lee, whether he had just sold three cases of Chivas Regal Scotch. Lee checked and found that no such sale had been made. Dec then told Lee that two men had taken three cases of the Scotch, and Lee reported the theft to the Glen Ellyn police department.

Officers William Bruno and Richard Combs responded to the call and spoke to Dec, who described the suspects' vehicle as a 1974 or 1975 white-over-red Chevy with Illinois license plates, a Western Illinois University sticker in the back window, and two male passengers. At approximately 4:25 p.m. Officers Bruno and Combs were notified that the vehicle had been stopped by the Lombard police department.

Officer Combs went to the location where the vehicle was stopped, and the vehicle's identification was confirmed by additional identifying marks on it. The two occupants, Russ Seibeneller and the defendant, were then arrested and the vehicle towed back to the Glen Ellyn police station. At approximately 5:30 p.m. the officers forced the trunk open and found three cases of Chivas Regal Scotch.

At the suppression hearing the defendant testified that Seibeneller, the owner and driver of the vehicle, had taken him shopping because he, Carlton, did not have a car or a driver's license. The defendant stated that he gave Seibeneller $5 for gas and because Seibeneller was late to his job. The defendant further stated that he told Seibeneller which stores to go to and how to get there, because Seibeneller was unfamiliar with the area.

The first inquiry in examining a fourth amendment claim is whether the defendant had such an expectation of privacy in the area searched or the items seized as to permit him to challenge the reasonableness of the search. While this issue actually involves the substantive question of whether the defendant has had his own fourth amendment rights infringed, or whether he is basing his motion to suppress on the rights of another, it has commonly been labeled as a question of "standing" and we here also refer to it as such.

In *Rakas v. Illinois* (1978), 439 U.S. 128, 58 L. Ed. 2d 387, 99 S. Ct. 421, the court held that a passenger in a car, who asserted no property or possessory interest in either the vehicle or the property seized, did not have a protected privacy interest which would be violated by an unreasonable search of the vehicle because he did not have a legitimate expectation of privacy in the invaded place. The passenger, therefore, lacked "standing" to contest the constitutionality of the search.

The defendant, however, argues that he was not a mere passenger, as in *Rakas,* by reason of the financial arrangement he had made with Seibeneller. Rather, since he had paid Seibeneller $5 in gas money, the defendant argues that his status is similar to that of a taxicab passenger who has a legitimate expectation of privacy in the cab under *Rios v. United States* (1960), 364 U.S. 253, 4 L. Ed. 2d 1688, 80 S. Ct. 1431, and *Katz v. United States* (1967), 389 U.S. 347, 19 L. Ed. 2d 576, 88 S. Ct. 507.

In discussing what expectations of privacy are "legitimate," the court in *Rakas* stated:

> "Legitimation of expectations of privacy by law must have a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society. *One of the main rights attaching to property is the right to exclude others,* see W. Blackstone, Commentaries, Book 2, ch. 1, *and one who owns or lawfully possesses or controls property will in all likelihood have a legitimate expectation of privacy by virtue of this right to exclude.* Expectations of privacy protected by the Fourth Amendment, of course, need not be based on a common-law interest in real or personal property, or on the invasion of such an interest. These ideas were rejected both in Jones, supra, and Katz, supra. But by focusing on legitimate expectations of privacy in Fourth Amendment jurisprudence, the Court has not altogether abandoned use of property concepts in determining the presence or absence of the privacy interests protected by that Amendment." (Emphasis added.) (439 U.S. 128, 143 n.12, 58 L. Ed. 2d 387, 401 n.12, 99 S. Ct. 421, 430 n.12.)

The court in *Rakas* later distinguished both *Jones v. United States* (1960), 362 U.S. 257, 4 L. Ed. 2d 697, 80 S. Ct. 725, and *Katz v. United States* (1967), 389 U.S. 347, 19 L. Ed. 2d 576, 88 S. Ct. 507, on the basis that in both of those cases the defendant had control over and the right to exclude others from the area searched. *Rakas v. Illinois* (1978), 439 U.S. 128, 149, 58 L. Ed. 2d 387, 404-05, 99 S. Ct. 421, 433; *cf. People v. Flowers* (1982), 111 Ill. App. 3d 348, 352 (a defendant driver lacks standing where the owner is in vehicle as passenger).

Later cases have also held that where the defendant has possession of the vehicle and its keys, as well as the owner's permission to drive it (when the owner is not also present in the car), the defendant will have a legitimate expectation of privacy because he has con-

trol over the vehicle and right to exclude all others except the owner. *United States v. Rose* (8th Cir. 1984), 731 F.2d 1337, *cert. denied* (1984), 469 U.S. 931, 83 L. Ed. 2d 263, 105 S. Ct. 326; *United States v. Portillo* (9th Cir. 1980), 633 F.2d 1313, *cert. denied* (1981), 450 U.S. 1043, 68 L. Ed. 2d 241, 101 S. Ct. 1764; *United States v. Ochs* (2d Cir. 1979), 595 F.2d 1247, *cert. denied* (1979), 444 U.S. 955, 62 L. Ed. 2d 328, 100 S. Ct. 435.

While not deciding whether a passenger in a taxicab would have a legitimate expectation of privacy in the trunk of a cab under *Rakas,* we note simply that this case is different from the taxicab situation. In the commercial setting of a taxicab for hire, the paying passenger has a legitimate expectation of having the exclusive use of the cab while he is renting it. (*People v. Castro* (1984), 125 Misc. 2d 15, 479 N.Y.S.2d 414.) In other words, he has the legitimate expectation that he has the sole control over where the cab will go and that no other passengers will be allowed to use the cab until his hiring is completed.

We fail to find such a legitimate expectation in this noncommercial setting. In the present situation, we believe the reasonable and legitimate expectation is that the owner could use his own vehicle for his own purposes as well as those of his passenger, and that he could exclude or admit others from his car as he sees fit, without the permission of the passenger.

In the instant case, therefore, the defendant did not have a legitimate expectation of privacy in the area searched because he did not have control over or the right to exclude others from use of the vehicle's trunk. Because the defendant did not have a legitimate expectation of privacy in the area searched, he lacks "standing" to contest the constitutionality of the search of the trunk, and the trial court erred in suppressing as evidence the three cases of Chivas Regal Scotch whiskey found in the trunk.

Reversed and remanded.

NASH, P.J., and STROUSE, J., concur.