THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
DOUGLAS COLEMAN, Respondent-Appellant.
Second District No. 85—0056

Opinion filed February 5, 1986.

G. Joseph Weller and Marguerite S. Klimkowski, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers and Virginia M. Ashley, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:

The defendant, Douglas Coleman, brings this appeal from an order denying his post-conviction petition. Defendant previously had been found guilty in a jury trial of armed robbery (Ill. Rev. Stat. 1981, ch. 38, par. 18—2(a)) and subsequently had entered a plea of guilty to unlawful use of weapons (Ill. Rev. Stat. 1981, ch. 38, par. 24—3.1(a)(3)) for which he had been sentenced to concurrent terms of imprisonment of nine and three years, respectively. No direct appeal was taken from these convictions.

Defendant raises two issues on appeal: (1) whether he was denied the effective assistance of counsel in his post-conviction proceeding where his counsel failed to comply with Supreme Court Rule 651(c) by

not reading the trial transcript which would have disclosed the improper admission of illegally seized evidence; and (2) whether the decision in *Lane v. Sklodowski* (1983), 97 Ill. 2d 311, 454 N.E.2d 322, operated to extend his sentence, thereby constituting an *ex post facto* violation of the United States and Illinois constitutions.

As this appeal is from the denial of defendant's post-conviction petition, we need only briefly summarize the trial proceedings which resulted in the defendant's convictions for armed robbery and unlawful use of weapons. Defendant was arrested on a warrant for an unrelated charge. At the time of his arrest, he was riding as a passenger in the backseat of his mother's automobile. A pistol was found underneath the front seat, and the arresting officers also found a wristwatch on the backseat where one of the officers saw defendant place it just before exiting the car. Defendant was identified by the victim of the armed robbery as the person who robbed him. The victim also identified the pistol and testified that the wristwatch found in the car belonged to him and was taken in the robbery. Defendant was found guilty of armed robbery by a jury. Following the imposition of a nine-year term of imprisonment, defendant entered a plea of guilty to unlawful use of weapons and was sentenced to a concurrent three-year term of imprisonment.

Defendant filed a *pro se* post-conviction petition in which he asserts that he was denied his right of due process under the United States and Illinois constitutions. The petition contended that a supreme court decision eliminated the Department of Corrections' policy of awarding meritorious good time beyond 90 days and which policy the trial court had considered in fixing his sentence. He therefore concluded that his constitutional rights were violated because the elimination of the meritorious good time will result in a longer sentence than what the trial court had intended him to serve. Counsel was appointed for defendant; however, only the transcripts of both sentencing hearings were prepared for review below. Counsel orally represented that he consulted with the defendant and would stand on the *pro se* petition. Following arguments, the post-conviction petition was denied.

On appeal, defendant's appellate counsel contends that defendant was denied the effective assistance of counsel in the post-conviction proceedings because his counsel failed to review the full record of the trial proceedings to ascertain any cognizable constitutional violations as mandated by Supreme Court Rule 651(c) (104 Ill. 2d R. 651(c)). Appellate counsel maintains that had the transcript of the armed robbery proceedings been prepared and read, counsel below would have discovered that there was an illegal seizure of the wristwatch which the trial

court erroneously failed to suppress at a pretrial suppression hearing. Defendant has included in the record on appeal the transcripts of the trial proceedings of the armed robbery offense which were not filed in the post-conviction proceeding below and do not appear to have been examined by defendant's counsel at those proceedings. Appellate counsel has fully briefed the issue of the asserted illegal seizure and requests that this court reverse his conviction and remand for a new trial or, alternatively, remand for a new post-conviction proceeding.

■ We agree that defendant's counsel at the post-conviction proceedings failed to comply with the explicit requirement of Supreme Court Rule 651(c) that mandates a showing that counsel has examined the trial record. (*People v. Brown* (1972), 52 Ill. 2d 227, 230, 287 N.E.2d 663; *People v. Jones* (1984), 129 Ill. App. 3d 368, 371, 472 N.E.2d 818.) Counsel's examination of only the sentencing hearing transcripts was not enough to determine if amendments should be made to the petition, and a complete record of the proceedings should have been obtained and examined. (See *People v. Gonzales* (1973), 15 Ill. App. 3d 265, 267, 304 N.E.2d 294.) Nevertheless, we need not remand for a new post-conviction proceeding where the full trial record is before us, the alleged constitutional violation has been briefed by the parties, and the defendant has requested that we address the illegal seizure issue, along with the other issue he raises in this appeal. Under these circumstances, there appears to be no reason why this question of law may not be decided here. *Cf. People v. Lippert* (1982), 89 Ill. 2d 171, 178, 432 N.E.2d 605.

The alleged illegal seizure occurred when a wristwatch was seized from the backseat of his mother's vehicle in which defendant was riding at the time he was arrested on a warrant charging him with attempted robbery. A motion to suppress this evidence and other evidence, not pertinent to this appeal, was filed and, in a pretrial hearing, the following evidence relevant to the issue raised here was adduced.

On September 10, 1982, Waukegan police officers on patrol were advised by radio that defendant, for whom there was an outstanding warrant for attempted robbery, was riding in an automobile at a certain location. The automobile was stopped by the police. Defendant was seated in the right rear passenger seat, his mother was seated in the right front passenger seat, and Samuel Frierson, another son of defendant's mother, was in the driver's seat. The vehicle was owned by defendant's mother. Each person was ordered out of the vehicle separately. As defendant exited, one officer saw him remove something from his right arm and place it on the rear seat. The officer could see it was a wristwatch from outside the car, and a few minutes later re-

trieved it. He had no reason at the time of the seizure to believe the watch was stolen. Defendant testified that he was 22 years old and had no ownership interest in his mother's automobile.

The trial court denied the motion to suppress finding that defendant lacked standing to challenge the seizure because he neither owned the vehicle in which the watch was found nor demonstrated a reasonable expectation of privacy in the area of the search. The court also found that even if defendant had standing, the seizure was proper because defendant was arrested pursuant to a valid warrant and the search was incident to a valid arrest. The court also found that the watch was in plain view.

As we conclude the standing issue is dispositive, we need only address the defendant's contention in this regard. He argues that his presence in the "family" car gives rise to a legitimate expectation of privacy which entitles him to standing to make the motion to suppress. Defendant does not claim an interest in the property seized. The State contends that defendant failed to meet his burden of proving a legitimate expectation of privacy in the area searched or the item seized. Although defendant and his mother testified at the hearing on the motion to suppress, the State argues that there is no evidence that defendant had a possessory or privacy interest in the vehicle.

In *Rakas v. Illinois* (1978), 439 U.S. 128, 58 L. Ed. 2d 387, 99 S. Ct. 421, the supreme court held that a passenger in a car, who asserted neither a property nor a possessory interest in the automobile, nor an interest in the property seized, did not have a protected privacy interest which would be violated by an unreasonable search of the vehicle because he did not have a legitimate expectation of privacy in the invaded place. The passenger, therefore, lacked "standing" to test the constitutionality of the search. (*People v. Carlton* (1985), 133 Ill. App. 3d 1061, 1062, 479 N.E.2d 1178.) Defendant asserts, however, that he has a legitimate expectation of privacy in the "family" car.

In discussing what expectations of privacy are legitimate, the court in *Rakas* stated:

"Legitimation of expectations of privacy by law must have a source outside the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society. *One of the main rights attaching to property is the right to exclude others,* see W. Blackstone, Commentaries, Book 2, ch. 1, *and one who owns or lawfully possesses or controls property will in all likelihood have a legitimate expectation of privacy by virtue of this right to exclude.* Expectations of privacy protected by the Fourth

Amendment, of course, need not be based on a common-law interest in real or personal property, or on the invasion of such an interest. These ideas were rejected both in Jones, supra, and Katz, supra. But by focusing on legitimate expectations of privacy in Fourth Amendment jurisprudence, the Court has not altogether abandoned use of property concepts in determining the presence or absence of the privacy interests protected by that Amendment." (Emphasis added.) (439 U.S. 128, 143 n. 12, 58 L. Ed. 2d 387, 401 n.12, 99 S. Ct. 421, 430 n.12.)

Whether the accused had a legitimate expectation of privacy requires a case-by-case analysis. See *People v. Becktel* (1985), 137 Ill. App. 3d 810, 815, 485 N.E.2d 474.

*Rakas*, however, deals only with a mere passenger and does not involve whether a passenger who is also a "family" member of the owner of the vehicle has a stronger interest in the vehicle which gives rise to a legitimate expectation of privacy in the vehicle. Professor LaFave points out that it would seem that a family member living with the owner of the vehicle would share a protected privacy interest in vehicles used by the family. (3 W. LaFave, Search & Seizure sec. 11.3 (1978 and Supp. 1985).) Decisions in other jurisdictions which have allowed a protected privacy interest of a family member in the family car involved situations in which the defendant had some control over the automobile. (See *United States v. Posey* (7th Cir. 1981), 663 F.2d 37 (defendant had an expectation of privacy in a car owned by his wife and over which he was exercising exclusive control pursuant to her permission at the time of the search); *State v. Campbell* (Mo. App. 1985), 699 S.W.2d 25 (son had standing to object to search of mother's car where he lived at home, had its unlimited use, was responsible for its general maintenance, and installed radio equipment in it); *Pollard v. State* (1979), 270 Ind. 599, 388 N.E.2d 496 (husband had a legitimate expectation of privacy in wife's automobile); *State v. Csolak* (Mo. App. 1978), 571 S.W.2d 118 (son had standing to challenge search of father's car where he had his own keys, used it regularly as his own, and car was at son's residence when search occurred).) Other cases have held that because of the circumstances, the family member did not have a legitimate expectation of privacy at the time the search occurred. See *State v. Caffrey* (S.D. 1983), 332 N.W.2d 269 (defendant did not claim ownership of father's car nor did he claim permission to use father's car, thus failing to meet his burden of showing legitimate expectation of privacy); *State v. Johnson* (Mo. 1980), 598 S.W.2d 123 (defendant had an equal right to use car along with brothers and sisters but was not on insurance policy, rarely used the car, and did not possess it at

the time of search).

 In the case at bar, the only evidence which would even arguably support defendant's assertion of a legitimate expectation of privacy in the vehicle in which he was a passenger is that he is a "family" member as the son of the owner. There is no evidence, however, that defendant, a 22-year-old, lived with his mother as a part of the household, ever used the vehicle, or was given any right to drive or control the vehicle. We conclude, under the circumstances here, that the fact that defendant's mother owns the vehicle in which he is a passenger, alone does not establish any broader expectation of privacy than the mere passenger had in *Rakas*. As defendant failed to show a legitimate expectation of privacy in the vehicle, he may not be heard to object to the reasonableness of the seizure involved herein.

 The second issue raised on appeal concerns defendant's sentences. He maintains that the Illinois Supreme Court's decision in *Lane v. Sklodowski* (1983), 97 Ill. 2d 311, 454 N.E.2d 322, which changed the Illinois Department of Corrections' practice of awarding good conduct credit for meritorious service in excess of 90 days, operated to extend his sentences in violation of his "due process right to be protected from judicial action which amounts to an *ex post facto* violation." He asserts that this additional credit for meritorious service was a commonly applied and well-known practice and "was factored into the determination of the length of imprisonment" for those, like defendant, who were convicted prior to July 13, 1983, when the *Lane* decision became effective.

In *Lane*, our supreme court held that section 3—6—3(a)(3) of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, par. 1003—6—3(a)(3)), which involved the awarding by the Director of the Department of Corrections of up to 90 days additional good conduct credit for meritorious service, allowed the Director to grant no more than a total of 90 days credit for meritorious service to each prisoner, which credits can be granted from time to time provided their total does not exceed 90 days. (*Lane v. Sklodowski* (1983), 97 Ill. 2d 311, 320, 454 N.E.2d 322.) However, the credits that the Director awarded prior to July 13, 1983, were honored, and the decision in *Lane* was given prospective application. (*Baker v. Department of Corrections* (1985), 106 Ill. 2d 100, 107, 477 N.E.2d 686.) The *Lane* decision only affected the discretionary credit already awarded for meritorious service under subsection (3) of section 3—6—3(a) and did not affect the good conduct credit automatically earned by a prisoner pursuant to subsection (2). *Lane v. Sklodowski* (1983), 97 Ill. 2d 311, 317, 454 N.E.2d 322.

Defendant does not claim that he is being denied any credit for

meritorious service under subsection (3) previously awarded to him prior to the *Lane* decision. Instead, his contention is that the trial judge must have factored into the determination of the length of his sentences the award of credit for meritorious service he would have been entitled to. There is nothing in this record, however, to indicate that the trial judge ever considered the discretionary good conduct credit for meritorious services in subsection (3) of section 3—6—3(a) in fixing the sentences and increased the sentences imposed as a result. While defendant cites our opinion in *People v. Torgeson* (1985), 132 Ill. App. 3d 384, 477 N.E.2d 244, as authority that a trial judge cannot be expected to disregard the possibility of good time credit, in the context of our opinion we merely stated that where the trial judge expressly considered as a factor in sentencing the day-for-day good time credit in subsection (2), such consideration was not improper. Our comments in *Torgenson* are not relevant here where the trial judge did not mention good time credit and the good time credit involved is not the automatic day-for-day credit in subsection (2).

Defendant also maintains that application of the decision in *Lane* increased his sentences by denying him the opportunity to earn credit for meritorious service in excess of 90 days. He argues that this violates the prohibition against *ex post facto* laws contained in the United States and Illinois constitutions. However, the *ex post facto* clauses are limitations on the Congress and the State legislature. (U.S. Const., art. I, secs. 9 & 10; Ill. Const. 1970, art. I, sec. 16; *People v. Nichols* (1978), 60 Ill. App. 3d 919, 922, 377 N.E.2d 815.) While the due process clause may bar judicial action which achieves the same result as an *ex post facto* law through judicial construction (*Bouie v. City of Columbia* (1964), 378 U.S. 347, 353-54, 12 L. Ed. 2d 894, 900, 84 S. Ct. 1697, 1702), there has been no increase in the defendant's sentences through judicial application of the decision in *Lane* where credit for meritorious service under subsection (3) is neither automatically given by statute nor awarded by the Director.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

HOPF and UNVERZAGT, JJ., concur.