JOHNNY A. OUTLAW, Petitioner-Appellant, v. MICHAEL O'LEARY *et al.*, Respondents-Appellees.

Third District    No. 3—86—0854

Opinion filed September 28, 1987.

Johnny A. Outlaw, of Joliet, appellant *pro se.*

Neil F. Hartigan, Attorney General, of Springfield (Jill Deutsch and Arleen C. Anderson, Assistant Attorneys General, of Chicago, of counsel), for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The petitioner, Johnny A. Outlaw, filed a petition for a writ of *habeas corpus* after the Illinois Prisoner Review Board denied him parole. The respondents, Michael O'Leary, warden of Stateville Correctional Center, and Paul J. Klincar, chairman of the Prisoner Review Board, filed a motion to dismiss the petition pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619), on the ground that the petition failed to state a claim upon which relief could be granted. The trial court granted the motion to dismiss. The petitioner appeals.

On appeal, the petitioner first argues that the trial court's order should be reversed because the respondents violated section 2—610 of the Code of Civil Procedure by failing to include in their motion to dismiss, denials of the petitioner's allegations. The petitioner contends that the respondents' failure to deny his allegations automatically constituted affirmance of his allegations, entitling him to the relief he requested.

▮▮ The primary purpose of section 2—619 is to obtain at the outset of a legal action a summary disposition of issues of law or of easily proved issues of fact. (*Stanley v. Chastek* (1962), 34 Ill. App. 2d 220, 180 N.E.2d 512.) While a motion to dismiss admits, for purposes of determining the motion, all well-pleaded facts and all reasonable inferences which can be drawn from those facts, it does not admit conclusions of law. *Horwath v. Parker* (1979), 72 Ill. App. 3d 128, 390 N.E.2d 72.

▮ The respondents' motion attacked the legal sufficiency of the petition for a writ of *habeas corpus*. Accordingly, since a section 2—619 motion to dismiss does not admit legal conclusions and since the trial court found the petition to be insufficient at law, the petitioner's contention that he should automatically have prevailed is erroneous.

▮▮ Further, a motion to dismiss and an answer are distinct legal actions. Filing a motion to dismiss does not preclude later filing an answer, and filing an answer does not preclude later filing a section 2—619 motion to dismiss. (Ill. Rev. Stat. 1985, ch. 110, pars. 2—610, 2—619(d); *Worner Agency, Inc. v. Doyle* (1984), 121 Ill. App. 3d 219, 459 N.E.2d 633, *appeal after remand* (1985), 133 Ill. App. 3d 850, 479 N.E.2d 468.) It is therefore erroneous to suggest that under section 2—610, allegations not denied by a section 2—619 motion to dismiss are admitted.

Second, the petitioner argues that the trial court erred in failing to enter specific findings as to the basis for its granting the motion to dismiss.

■ When a complaint has been dismissed, the dismissal will be upheld upon any basis found in the record (*White Fence Farm, Inc. v. Land & Lakes Co.* (1981), 99 Ill. App. 3d 234, 424 N.E.2d 1370), and the reviewing court will presume it was upon one of the grounds properly presented. *Smith v. Board of Education of East St. Louis School District No. 189* (1977), 52 Ill. App. 3d 647, 367 N.E.2d 296, *appeal after remand* (1979), 75 Ill. App. 3d 186, 394 N.E.2d 41.

■ This court has previously held that the Illinois *Habeas Corpus* Act (Ill. Rev. Stat. 1985, ch. 110, par. 10—101 *et seq.*) does not provide relief to a prisoner whose request for parole has been unreasonably, arbitrarily, or capriciously denied; parole is not a legal right in Illinois. (*People ex rel. Burbank v. Irving* (1982), 108 Ill. App. 3d 697, 439 N.E.2d 554.) Accordingly, the circuit court properly dismissed the petitioner's petition for a writ of *habeas corpus* since it failed to state a claim upon which relief could have been granted.

■ Third, the petitioner argues that the parole provisions of the Unified Code of Corrections are unconstitutional because they establish a deterrent criterion, while the Illinois Constitution mandates a rehabilitative criterion. Ill. Rev. Stat. 1985, ch. 38, par. 1003—3—5(c)(2); Ill. Const. 1970, art. I, sec. 11.

The Illinois Constitution provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." (Ill. Const. 1970, art. I, sec. 11.) At the same time, the Illinois Prisoner Review Board may properly consider principles of retributive justice and general deterrence in rendering its decisions. (*Heirens v. Mizell* (7th Cir. 1984), 729 F.2d 449.) Accordingly, we find that the parole provisions of the Unified Code of Corrections are constitutional.

■ Fourth, the petitioner argues that the Illinois Prisoner Review Board had no authority over him because the statute creating the Board and establishing standards for parole is invalid for the reason set forth in his third argument. We reject this argument based upon our analysis of the underlying third argument.

■ Fifth, the petitioner contends that amended section 3—6—3(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1003—6—3(a)) is an *ex post facto* law which unconstitutionally repealed the authority of the Illinois Department of Corrections to award him good conduct credit.

The petitioner advances no specific facts or arguments to support his general contention, nor does the record provide any evidence that section 3—6—3(a)'s amendment has harmed him. In *Lane v. Sklodowski* (1983), 97 Ill. 2d 311, 454 N.E.2d 322, the Illinois Supreme

Court considered amended section 3—6—3(a)(3). The court held that all section 3—6—3(a)(3) good conduct credit awarded prior to July 13, 1983, would be honored, while after that time section 3—6—3(a)(3) credit would be limited to 90 days. The petitioner has made no showing that he has been unconstitutionally disadvantaged by the amendment as interpreted in *Lane.* (See *People v. Coleman* (1986), 140 Ill. App. 3d 806, 489 N.E.2d 455.) Accordingly, we find no merit in the petitioner's contention.

■■■ ■ Sixth, the petitioner argues that the Prisoner Review Board erred in denying him parole.

The Illinois Prisoner Review Board has great discretion in determining who shall be granted parole, but it may not parole a prisoner if it determines that his release at that time would deprecate the seriousness of his offense or promote disrespect for the law. (Ill. Rev. Stat. 1985, ch. 38, par. 1003—3—5(c)(2); *People ex rel. Tucker v. Kotsos* (1976), 42 Ill. App. 3d 812, 356 N.E.2d 798, *modified* (1977), 68 Ill. 2d 88.) Judicial review of Board decisions is very narrow. If the Board cites facts upon which its reasons for denial of parole can be justified, due process is met. *Heirens v. Mizell* (7th Cir. 1984), 729 F.2d 449.

In the instant case, the respondents note that the Illinois and Federal interpretations of a prisoner's due process rights in the parole process differ. While the respondents urge us to address this conflict, they also maintain that even under the more stringent Federal due process requirements the Board's decision should be affirmed. We agree, and therefore find no reason to speculate about hypothetical facts.

■■ In making its decision, the Board noted that the petitioner was serving 150 to 300 years for two counts of murder, 25 to 50 years for armed robbery, and 10 to 20 years for two counts of burglary. The murders occurred when the petitioner, while robbing his place of employment, bludgeoned to death a janitor and an unarmed security guard. He beat the janitor so severely that the victim's brain was dislodged from his head. The Board found that based on the petitioner's record, releasing him at that time would deprecate the seriousness of his offenses and promote disrespect for the law. We find that the Board met the due process requirements of *Heirens.*

The judgment of the circuit court of Will County is affirmed.

Affirmed.

STOUDER and SCOTT, JJ., concur.