GILBERT RIVERA, Petitioner-Appellant, v. MICHAEL O'LEARY, Warden, Stateville Correctional Center, *et al.*, Respondents-Appellees.

Third District    No. 3—89—0119

Opinion filed December 6, 1989.

Gilbert Rivera, of Joliet, appellant *pro se.*

Neil F. Hartigan, Attorney General, of Springfield (Michael J. Singer, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE STOUDER delivered the opinion of the court:

The *pro se* petitioner, Gilbert Rivera, filed a petition for a writ of *habeas corpus* after the Illinois Prisoner Review Board (the Board) denied him parole. The respondents, Michael O'Leary, warden of Stateville Correctional Center, and Paul J. Klincar, Chairman of the Prisoner Review Board, filed a motion to dismiss the petition. The trial

court granted the motion to dismiss. The petitioner appeals.

The record shows that in 1974, the petitioner began serving an indeterminate term of 20 to 60 years' imprisonment for murder. Since 1981, he has appeared before the Board requesting parole on at least seven occasions and each time his request has been denied. In denying his latest parole request, the Board cited as its rationale that granting him parole would deprecate the seriousness of his offense.

■ On appeal, the petitioner first argues that the Board denied his request for parole based on arbitrary and capricious reasons. We note that it is well settled that the Illinois *Habeas Corpus* Act (Ill. Rev. Stat. 1987, ch. 110, par. 10—101 *et seq.*) does not provide relief to a prisoner whose request for parole has been unreasonably, arbitrarily, or capriciously denied. (*Outlaw v. O'Leary* (1987), 161 Ill. App. 3d 218, 514 N.E.2d 208; *People ex rel. Burbank v. Irving* (1982), 108 Ill. App. 3d 697, 439 N.E.2d 554.) Accordingly, the circuit court properly dismissed the petitioner's petition for a writ of *habeas corpus*, since it failed to state a claim upon which relief could have been granted.

■ The petitioner's second argument is that the Board had no authority over him because the statute creating the Board and establishing the standards for parole is invalid since it establishes a deterrent criterion, while the Illinois Constitution mandates a rehabilitative criterion. (Ill. Rev. Stat. 1987, ch. 38, par. 1003—3—5(c)(2); Ill. Const. 1970, art. I, §11.) We rejected this argument in *Outlaw v. O'Leary* (1987), 161 Ill. App. 3d 218, 514 N.E.2d 208. The Board may properly consider principles of retributive justice and general deterrence in rendering its decisions. *Outlaw v. O'Leary* (1987), 161 Ill. App. 3d 218, 514 N.E.2d 208.

■ The petitioner next argues that amended section 3—6—3(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1987, ch. 38, par. 1003—6—3(a)) is an *ex post facto* law which unconstitutionally repealed the authority of the Illinois Department of Corrections to award him good conduct credit. We find that the petitioner has made no showing in the trial court or in his appeal brief, nor does the record reveal, that he has been unconstitutionally disadvantaged by the amendment as interpreted in *Lane v. Sklodowski* (1983), 97 Ill. 2d 311, 454 N.E.2d 322. Accordingly, we find the petitioner's contention meritless. See *Outlaw v. O'Leary* (1987), 161 Ill. App. 3d 218, 514 N.E.2d 208.

As a final matter, we note that the respondents have urged us to define a prisoner's due process rights, if any, under the Illinois parole process. Since in the instant case we find no due process violation un-

der the standards enunciated in *Heirens v. Mizell* (7th Cir. 1984), 729 F.2d 449, we find no reason to speculate about facts not before us.

The judgment of the circuit court of Will County is affirmed.

Affirmed.

BARRY and HEIPLE, JJ., concur.